WILLIAM SANDEL *v.* EMMET GEORGE.—THE SAME *v.* THE SAME.

A judgment from which there is a suspensive appeal to the Supreme Court cannot be pleaded in compensation ; but it is otherwise if the appeal is devolutive.

In all cases, where the defendant resides out of the State, the plaintiff is entitled to an attachment ; the law makes no distinction.

APPEAL from the District Court, Parish of Morehouse, *Crawford,* J. *Todd & Brigham,* for appellant.   *D. C. Morgan,* for appellee.

The facts are stated in the opinion of the Court.

LABAUVE, J.   These two cases were consolidated, and tried together below.

The plaintiff's claim is founded on two mortgage notes, dated 20th February, 1860, given for the purchase of a tract of land, in favor of Archibald McD. Reiley.   The defendant being a non-resident, the plaintiff obtained an attachment.   The defendant moved to dissolve the attachment, on the ground that the plaintiff had a special mortgage on the land to secure the notes, and that the attachment was unnecessary.   In all cases, where the defendant resides out of the State, the plaintiff is entitled to an attachment; the law makes no distinction.   C. P. Art. 240. The writ properly issued.

On the merits, the defendant answered by a general denial, but admitted his signature to the notes.   Afterwards, in a supplemental answer, he pleaded in compensation a judgment rendered in the case of *J. B. Melson* v. *Wm. Sandel,* decreeing the said Wm. Sandel to pay the said J. B. Melson the sum of $1,924 50, with five per cent. interest from 16th June, 1866 ; alleging that he was the owner of said judgment by purchase from said J. B. Melson, the judgment creditor, under a transfer made June 18th, 1866.

The District Court, after having heard the evidence, allowed plaintiff's demand, also defendant's plea in compensation, and gave judgment for plaintiff against the defendant, for the balance of $1,426 82.

The plaintiff appealed.

The transfer and indorsement of the notes by Archibald McD. Reiley to the plaintiff, are contested.

The note first due was endorsed by an agent of the payee, who, it is shown, afterwards approved and ratified this endorsement.   The note subsequently due, is held by plaintiff under a letter signed by said payee, of the following tenor :

William Sandel v. Emmet George.

"Parish of East Feliciana, La., January, 1865.

"Samuel W. Reiley :

"Dear Sir : You will please deliver to Dr. Wm. Sandel the note which I sent you for collection, against Emmet George.

"The note is for —— dollars, besides interest, and is secured by mortgage on the land which I sold to George. This note and the one which Dr. Sandel holds, are the only two notes remaining unpaid. I have sold Dr. Sandel my note, and it is now his property, and you will deliver the same to him, and if said note is not legally endorsed, I hereby bind myself to legally endorse the same.

(Signed) ARCH. McD. REILEY."

We are of the opinion that this is a sufficient proof of the transfer, vesting in the plaintiff the ownership to the note.

On the trial of the case below, the plaintiff objected to the introduction of the transfer of the judgment to defendant, as pleaded in compensation, on the grounds :

1. That the judgment mentioned in said instrument, offered in evidence, was on appeal to the Supreme Court, and was a litigious right which could not be pleaded in compensation to the notes sued on.

2. That the defendant must be the owner of the judgment; and it was denied that he was the owner of the judgment.

3. That the instrument offered was the mere declaration of Me son, who was not a party to these suits, and not made under oath, and was therefore inadmissible as testimony in the cases.

The Court overruled the objections, and admitted the document. We are of the opinion that the Court decided correctly.

This document, on its face, purports to be a full transfer of said judgment by the judgment creditor, J. B. Melson, and for value received, to Emmet George, by his agent and attorney in fact, A. V. Gardner. As regards the judgment debtor, this transfer is certainly binding on the transferrer, and is a sufficient authority in the transferree to demand of the plaintiff the payment of that judgment and to plead compensation.

But the bill of exceptions does not inform us whether the appeal taken from that judgment is *suspensive* or *devolutive*. In the first contingency, it could not be pleaded in compensation, it being considered as a debt not yet due and demandable. In the second contingency, it could be pleaded in compensation—the judgment being executory and demandable. *Kinion* v. *Hill*, 12 R. 376. *Benton* v. *Roberts*, 2 An. 243.

We are of the opinion that justice requires the remanding of the case. Article 906, C. P.

It is therefore ordered, adjudged and decreed, that the judgment of the District Court be annulled, avoided and reversed, and that the case be remanded, to be proceeded in according to law, and that the appellee pay costs of this appeal.