## No. 112.

### KAHN & BIGART VS. J. SIPPILI.

In proceedings *in rem*, as in ordinary cases, the jurisdiction of the appellate court must be tested by the amount in dispute, as shown by the amount claimed in the pleadings, and not by the value of the property attached, or by the amount of the judgment which is, or may be, subsequently rendered in the case.

In such cases the court, before which the proceedings are instituted and under whose process property in its territorial jurisdiction may, on proper showing, attach other property of the absentee situated in the State, and in parishes not within the jurisdiction of the court.

APPEAL from the First District Court, Parish of Caddo.  *Taylor, J.*

*Alexander & Blanchard* for Plaintiffs and Appellants.

*D. T. Land,* Curator *ad hoc,* for Defendant and Appellee.

### ON MOTION TO DISMISS.

The opinion of the Court was delivered by

POCHÉ, J.  Plaintiffs, claiming to be creditors of the defendant, an absentee residing in the State of New York, in the sum of $3,085.22, brought suit against him by attachment of his property, alleged to be in the Parishes of Caddo, Ouachita, and West Feliciana, and obtained garnishment process against parties residing in said parishes respectively.

After the garnishee in Caddo Parish had answered that he was indebted to the absentee in a sum of $151.43, and before answer had been made by the other garnishees, the curator *ad hoc,* appointed to represent the non-resident, filed a motion to dissolve the two attachments, directed to the sheriffs of Ouachita and West Feliciana, and this appeal is taken from a judgment sustaining that motion.

Appellee now moves that the appeal be dismissed, on the ground that we have no jurisdiction "*ratione materiæ.*"  He argues, that the proceeding being *in rem,* the judgment to be rendered in the cause cannot exceed in amount the value of the property seized, and that, because the amount of the property seized is only $151.43, the amount in dispute does not exceed one thousand dollars.

It is now settled beyond a doubt, that the test of our jurisdiction is to be found in the amount in dispute, as shown by the amount claimed in the pleadings.  When that amount exceeds $1,000 our jurisdiction vests, and cannot be affected by the incidents or accidents of the trial, and the result of the controversy in the lower court.  This consideration disposes of appellee's argument, that because a third party has

intervened in the suit for the purpose of claiming the ownership of the property attached, our jurisdiction is to be tested by the fund to be distributed. At the present juncture we are not concerned with the rights, either in law or in practice, of the intervenor, as our investigation is restricted to an issue between plaintiffs and defendant. The motion to dismiss is, therefore, overruled.

### On the Merits.

The ground of the motion to dissolve the writs of attachment to be executed in the Parishes of Ouachita and West Feliciana is, in substance, that the proceeding being *in rem*, the court having no jurisdiction over the defendant *in personam*, it was without jurisdiction to pursue his property situated beyond its territorial jurisdiction, and could issue no garnishment process against a resident of another parish, unless the defendant had been personally cited, or had appeared by answer in the suit.

The argument is that, in this case, the writ is not a conservatory remedy incident to the main action, but, being issued in lieu of citation on the defendant, it becomes the very foundation of the action, and cannot, therefore, be issued by the court beyond its territorial jurisdiction.

The main support of the argument is derived from the decision in the case of Favrot vs. Delle Piano, 4 An. 584, in which the principle contended for is substantially announced. But a careful inspection of the case discloses the fact, that the decision rested on another and a different point, and that the point passed upon in the ruling or dictum invoked by appellee was not necessary to a decision of the cause under consideration.

Hence, we conclude, that the dictum is not binding or decisive in jurisprudence.

A careful review of our reports shows that the precise issue presented in this motion has not yet been directly determined by our Court, and we shall, therefore, treat the matter as "*res nova.*"

Many of appellee's propositions, touching the natural scope and effect of the action *in rem*, by the attachment of the non-resident's property found in the State, are undeniable and correct.

For instance, it is true, that in such a proceeding the Court does not, by its process alone, acquire jurisdiction over the defendant *in personam*, and that it can render no binding or effective judgment against him over and above the amount or value of the property attached, and that the judgment has no vitality except against the property subjected to its control. But, on the other hand, it is equally true, that

the creditor has the undoubted legal right to reach all the property of his debtor which can be found in the State, and that he has the choice of the forum in which he desires to initiate his proceedings. Now, if his debtor, as in this case, has not in the parish selected property sufficient in amount or in value to satisfy his claim, he is not restricted, by law, to the seizure or attachment of that property, and his right to reach other property situated in another parish cannot be impaired. But, under our Code, he is not permitted to bring the same cause before two separate courts. C. P. 94.

If he attempts it, he is met by a plea of *lis pendens* in the courts where subsequent proceedings are instituted, and is thus subjected to the penalty of costs, and to the loss of his recourse on the property.

On the other hand, it is undeniable that the court where the proceedings were instituted, and which issued the first process, does acquire some jurisdiction over the cause, and at once obtains control of the property attached within its territorial jurisdiction, and to the end of deciding whether such property can legally be applied to the satisfaction of plaintiffs' claim, it must, of necessity, adjudicate on the sum, and ascertain the amount or extent of the defendant's indebtedness.

Having such jurisdiction, it necessarily has the power, on proper showing of the insufficiency of the property thus attached, and of the existence of other property of the absentee in the State, to extend its process to the same, and to thus subject it to its control.

We know of no legislation which denies such a natural and legitimate power, or authority which militates against its exercise, and we have been referred to none.

We find its exercise necessary to prevent a denial of justice to both parties, and we hold it to be an inherent power of the court which is legally vested with jurisdiction of the cause.

We are constrained to differ with our learned brother of the District Court in his conclusions on this point, and we conclude that he erred in his judgment sustaining the motion to dissolve.

It is, therefore, ordered, adjudged, and decreed that the judgment appealed from be annulled, avoided and reversed, and that the motion of the curator *ad hoc* for the dissolution of the writs of attachment issued herein, and directed to the sheriffs of the Parishes of Ouachita and West Feliciana, be dismissed at the costs of defendant in both Courts.