No. 2370
Second Circuit

TATUM v. McWILLIAMS, ET AL.

(November 10, 1927.  Opinion and Decree.)

(*Syllabus by the Court*)

1. Louisiana Digest—Attachment—Par. 41.
"In the absence of personal service against a non-resident to vest a court with jurisdiction, two conditions must concur: (1) There must be property of the non-resident in the territorial jurisdiction of the court; and (2) the property must be validly seized or levied upon under process issued by the court."

2. Louisiana Digest—Attachment—Par. 41.
Where plaintiff is granted an order for a writ of attachment upon the sole ground that defendant is a non-resident of the state and is transiently within the jurisdiction of the court, a writ issued thereunder, addressed to the sheriff of a parish beyond the territorial jurisdiction of the court issuing the order and such sheriff's seizure of the absentee's property in another parish, are null and void.

3. Louisiana Digest—Attachment—Par. 41.
Where a court once obtains jurisdiction over a non-resident by seizure of some property within its territorial jurisdiction, it may extend its process and have attached property of the absentee in other parishes upon showing that the property originally seized is insufficient to pay the debt, but not otherwise.

Appeal from the Eleventh Judicial District Court of Louisiana, Parish of Sabine. Hon. Hal. A. Burgess, Judge.

Action by H. G. Tatum against Fred McWilliams, et al.

There was judgment for defendants and plaintiff appealed.

Judgment affirmed.

Ponder & Ponder, of Many, attorneys for plaintiff, appellant.

Parsons & Colvin, of Mansfield, attorneys for defendants, appellees.

STATEMENT OF THE CASE
ODOM, J.  On December 24, 1924, plaintiff brought suit in the District Court of Sabine parish against Fred McWilliams and N. R. Tatum to collect an alleged debt of $438.22.  He alleged that the defendant, Fred McWilliams, is—

"a non-resident of this state, resident of Union County, Arkansas, but temporarily and transiently in Sabine parish, or in your said state of Louisiana."

And, in paragraph 6 of the petition:

"That said Fred McWilliams resides permanently out of the state of Louisiana, and has so resided for some six or eight years, and a writ of attachment is necessary to protect petitioner's rights against him."

Plaintiff does not allege that the defendant McWilliams owns property in the parish of Sabine or elsewhere in the state.

On the same day, December 24th, the clerk of the District Court of Sabine parish made the following order:

"On considering the above and foregoing petition and affidavit, it is ordered that the writ of attachment issue as prayed for upon petitioner making bond as required by law."

So far as the record before us discloses, the plaintiff did not annex to his petition at the time it was filed, nor later, his obligation in favor of the clerk with surety as required by Article 245 of the Code of Practice. However, on the following day the clerk of the District Court of Sabine parish, where the suit was filed, issued a writ of attachment addressed to the sheriff of DeSoto parish. The writ was sent to the sheriff of DeSoto parish and, according to his return thereon, he attached, on December 25th, one Buick automobile belonging to the defendant, Fred McWilliams, which car had on it an Arkansas license, and, on the following day, he served a certified copy of the writ, together with notice of seizure, on the said McWilliams in person in Mansfield, DeSoto parish.

The clerk of court of Sabine parish did not issue a writ of attachment addressed to the sheriff of Sabine parish, where the suit was instituted. There is no allegation and no proof that the defendant McWilliams owned property in the parish of Sabine, and he was not served or cited in that parish personally.

On January 19, 1925, defendant, Fred McWilliams, filed an exception to the jurisdiction of the court, which exception was overruled, whereupon, on January 24th, he moved to dissolve the writ of attachment on the ground that the same was illegal, null and void, having been directed to the sheriff of DeSoto parish without any order for such writ.

The motion to dissolve the writ was sustained by the court below, and plaintiff appealed.

## OPINION

The exception to the jurisdiction of the court should have been sustained.

A creditor unquestionably has the right to have the property of his non-resident debtor attached.

Code of Practice, Articles 240 and 243.
United States vs. Murdock, 18 La. Ann. 305.
Sandel vs. George, 18 La. Ann. 526.
Allison vs. Brown, 148 La. 530, 87 South. 262.

"In the absence of personal service against a non-resident, to vest a court with jurisdiction, two conditions must concur: (1) There must be property of the non-resident in the territorial jurisdiction of the court; and (2) the property must be validly seized or levied upon under process issued by the court."

Pugh vs. Flannery, 151 La. 1063; 92 South. 699.

Plaintiff chose the District Court of the parish of Sabine in which to bring his suit, and alleged that defendant, while a resident of Arkansas, was transiently or temporarily in that parish at the time; but so far as the record discloses he was not in that parish, and he was not personally served with process therein.

Not only that, he owned no property in the territorial jurisdiction of that court—

at least none was validly seized or levied upon under the process issued by the court.

It is therefore perfectly clear that the District Court of Sabine parish had no jurisdiction to determine the issues between the plaintiff and the absentee defendant, and we think the District Court erred in not sustaining the exception.

However, the court sustained defendant's motion to dissolve the writ of attachment, and its ruling in that respect was correct.

Plaintiff alleged that the defendant, absentee, was transiently in the parish of Sabine and obtained an order, signed by the clerk, to attach his property. Under said order the clerk issued his writ, but addressed it to the sheriff of the parish of DeSoto, to whom it was sent, and the sheriff of that parish seized an automobile belonging to the defendant, said property, at the time of the seizure, being in Mansfield, DeSoto parish, beyond the territorial jurisdiction of the District Court of Sabine parish, where the suit was instituted.

The court of Sabine parish had authority to order attached any property which the absentee owned situated in that parish, but in the absence of further showing and before obtaining jurisdiction over the absentee and his property, it could not attach the absentee's property situated outside of its own territorial jurisdiction.

Of course, if some property of the absentee had been seized in that parish and the court had obtained in that way jurisdiction, the plaintiff could have, upon proof that the property seized therein was not sufficient to satisfy his claim, procured a writ of attachment against defendant's property situated in any other parish in the state.

But unless the court obtains jurisdiction by seizing property of an absentee within its territorial jurisdiction, it cannot extend its process into another parish.

On this point the court, in the case of Kahn & Bigart vs. Sippili, 35 La. Ann. 1039, said:

"It is undeniable that the court where the proceedings were instituted, and which issued the first process, does acquire some jurisdiction over the cause, and at once obtains control of the property attached within its territorial jurisdiction, and to the end of deciding whether such property can be legally applied to the satisfaction of plaintiff's claim, it must, of necessity, adjudicate on the sum, and ascertain the amount or extent of the defendant's indebtedness. Having such jurisdiction, it necessarily has the power, on proper showing of the insufficiency of the property thus attached, and of the existence of other property of the absentee in the state, to extend its process to the same, and to thus subject it to its control."

The writ of attachment issued by the clerk of the District Court of Sabine parish ordering the sheriff of the parish of DeSoto to seize the absentee's property and his attachment of defendant's property in that parish, were illegal, and the court's judgment dissolving them must be sustained.

We do not think it necessary to discuss other points raised in counsel's brief.

The judgment appealed from is affirmed, with costs.