No. 421

First Circuit

---

### FIRST STATE BANK AND TRUST CO. v. GRAZIANO ET AL.

---

(February 13, 1929.  Opinion and Decree.)

---

Miller and Heintz, of Covington, attorneys for plaintiff, appellee.

Amos L. Ponder, of Amite, attorney for defendant, appellant.

MOUTON, J.  Joseph Graziano and Sam Locascio, defendants, signed a promissory note on June 21, 1923, in favor of plaintiff bank, for seven hundred and fifty dollars ($750.00).  Suit was brought by the bank against both defendants on the note.

Graziano, though first on the note, made no appearance.  Locascio obtained a judgment against plaintiff bank in May, 1926, for six thousand three hundred and seventy-five dollars ($6375.00) with six per cent (6%) per annum interest.

Locascio pleads compensation or set off against the claim of the plaintiff in the manner following:

That plaintiff bank have judgment for seven hundred and fifty dollars ($750.00) as prayed for with interest asked in its petition less costs and attorney's fees; but that this judgment be decreed to be a credit on the judgment previously obtained by defendant against plaintiff company.

The District Judge overruled the plea of compensation and gave judgment to plaintiff for the amount claimed.

Locascio appeals.

Counsel for the bank cite Kernion vs. Hill, 12 R. 376, and other authorities where is recognized the well established rule that a judgment which has been appealed from suspensively cannot be pleaded in compensation in another action. Under this doctrine, plaintiff contends that defendant could not set up his plea of compensation.

A certified copy of the judgment in favor of Locascio against the bank is in the record, but there is no proof whatsoever showing that it has been suspensively appealed from. In this respect the record is silent.

In his answer defendant refers to his judgment against the bank and admits in his brief that it is now on appeal to the Supreme Court, but nowhere admits or even intimates that it was taken to the higher court on a suspensive appeal.

It is impossible for us to travel out of the record to infer that the appeal from that judgment is suspensive. For aught we know the appeal may be devolutive in which case the plea of compensation would be permissible. Sandel vs. George, 18 La. Ann. 526; Duncan vs. Wise, 39 La. Ann. 74, 6 So. 13.

Under this state of facts we are constrained to avoid the judgment and remand the case.

It is therefore ordered, adjudged and decreed that the judgment appealed from be annulled and reversed; and it is further adjudged and decreed, that this case be remanded for the introduction of evidence to show whether the judgment obtained by Sam Locascio, Jr., against plaintiff bank, was appealed from suspensively or devolutively; that plaintiff pay the costs of this appeal and the cost of the lower court await the final decision of this case.