## DUPLANTIS v. CHAUVIN.
### No. 1427.

Court of Appeal of Louisiana. First Circuit.
Jan. 21, 1935.

Harris Gagne, of Houma, for appellant.

Caillouet & Caillouet, of Houma, for appellee.

MOUTON, Judge.

It is alleged by plaintiff. that defendant, under a contract with petitioner, delivered a vault in the Catholic cemetery in Houma, La., for the interment of the body of his sister, Miss Clarisse Emily Duplantis. Under this agreement he alleges that he was to have the exclusive use of this vault for the remains of his sister during a period of one year from June 21, 1932. He further alleges that before the period of one year had expired, to his horror and consternation, he found that the vault had been opened, his sister's body had been removed therefrom, and that the body of another had been interred therein.

He further alleges that, in addition to the shock he had experienced in finding that her body had been removed he suffered a greater mental shock when he discovered that in the grave to which she had been removed her body had been allowed to remain exposed to the weather and to the gaze of the curious.

The conduct of defendant, he avers, was outrageous, and for this breach of contract and trespass on plaintiff's property rights he is entitled to recover damages against defendant in the sum of $2,050, with legal interest, for which he prays for judgment.

Appellee moves to dismiss the appeal on the ground that the amount claimed exceeds the appellate jurisdiction of this court.

Constitution 1921, art. 7, § 10, grants appellate jurisdiction to the Supreme Court in

**654**

all civil suits where the amount in dispute exceeds $2,000, exclusive of interest; except in suits for physical injuries or when the demand is for compensation, under any state or federal compensation law.

It is clear under the allegations and prayer of plaintiff's petition that the damages claimed by him are not for personal injuries or for compensation under any compensation statute, state or federal. His claim is evidently for the mental anguish he alleges was suffered by him as the result of the breach of defendant's contract, the profanation or desecration of his sister's grave, and the trespass of his property rights.

In cases of malicious prosecution and slander where the damages claimed were for mental or moral suffering and for an amount exceeding $2,000, we held that, not being claimed for personal injuries, this court had no jurisdiction. Clarke v. Bandelin, 6 La. App. 564; Fernandez v. Hannagriff (La. App.) 141 So. 469.

The same ruling applies here where the demand for damages is for mental anguish alleged to have been suffered by plaintiff.

In the case of Newson v. Starns, 174 La. 955, 142 So. 138, plaintiff claimed $20,000 in damages for kidnapping, tarring and feathering him; and coupled a demand therewith for $20,000 for damages to his reputation and good name.

In that case it was held that we had jurisdiction for the kidnapping, tarring and feathering which were personal injuries, but not for $20,000 damages for the alleged libel by defendant which plaintiff averred had affected his good name or reputation, because the amount demanded for the libelous matter exceeded the sum of $2,000, and was beyond our appellate jurisdiction; citing Constitution 1921, art. 7, § 10, and section 29.

The demand here is not for personal injuries nor in compensation under a state or federal compensation law, and falls under the ruling in the cases hereinabove cited.

The test of jurisdiction is the amount claimed in the pleadings and cannot be affected by the incidents or accidents of the trial. Kahn & Bigart v. Sippili, 35 La. Ann. 1039; C. P. art. 91.

The amount claimed here exceeds the maximum jurisdictional limit of this court.

We shall not, however, dismiss the appeal, but will transfer it to the Supreme Court, under the provisions of Act No. 19 of 1912.

It is therefore ordered and decreed that this case be and is hereby transferred to the Supreme Court of this state, provided it be filed there within a period of 60 days from this date, and in default of it being filed within the time above fixed, that this appeal be dismissed at the cost of appellant.