The plaintiffs, six in number, brought this suit against the Western Union Telegraph Company and the Southern Bell Telephone and Telegraph Company, Inc., to recover the sum of $10,000 damages for the alleged negligence of the employees of the two companies in failing to deliver a death message. It is alleged that the mother of the six plaintiffs died in the East Louisiana State Hospital at Jackson, Louisiana, on March 22, 1942; that the Superintendent of said Hospital sent a telegram to one of the plaintiffs at Convent, Louisiana, immediately after the death of her mother, but that through the negligence of the employees of the two companies the telegram was not delivered, and by reason of the failure to deliver the message, the plaintiffs did not learn of the death of their mother until April 9, 1942, when they learned of her death through a letter from the Superintendent of the Hospital. They further allege that their mother was buried in the Hospital Cemetery after her body was held by the Hospital for six days awaiting instructions from her relatives; that plaintiffs arranged for the disinterment of her body and took the remains to the family burial plot at Convent, but because of the delay occasioned by the failure to deliver the telegram the health authorities would not permit plaintiffs to open the casket and put the remains in a new casket nor take the body to the church for proper religious services, all of which caused them to suffer great humiliation and mental anguish.
Exceptions of no cause or right of action filed by both defendants were sustained and the suit dismissed. Plaintiffs asked for and were granted an appeal to this court. The defendants have filed a motion in this court to dismiss the appeal for lack of jurisdiction, or in the alternative, to transfer the appeal to the Supreme Court. The case was submitted on these motions.
As the amount involved exceeds two thousand dollars, it is clear that this court has no jurisdiction of the appeal unless the damages claimed resulted from physical injuries to the plaintiffs or because of the fact that these damages arose out of the same circumstances which caused a physical injury. Constitution, Article 7, Sections 10 and 29. There is no physical injury alleged to have been suffered by any of the plaintiffs by reason of the failure to deliver the death message. A suit for damages caused by mental anguish and humiliation, unaccompanied by any physical injury, does not involve such damages as will give this court jurisdiction of the appeal where the amount involved exceeds two thousand dollars, but such appeal lies exclusively within the jurisdiction of the Supreme Court under Article 7, Section 10, of the Constitution. Spearman v. Toye Bros. Auto Taxicab Co., Inc., 164 La. 677, 114 So. 591; Duplantis v. Chauvin, La.App., 158 So. 653.
For these reasons and by authority of Act 19 of 1912, it is ordered that the appeal in this case be transferred to the Supreme Court of this State, the appeal to be filed in said court within sixty days from the date this decree becomes final, and on the failure of appellants to transfer said appeal within *Page 643 
said date, the same to stand dismissed; the cost of the appeal to this court to be paid by appellants.