EASTERN DIST.
*June,* 1837.

KEENE
*vs.*
RELF.

**KEENE *vs.* RELF.**

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

The language employed in setting out the plaintiff's case should comport with the dignity of the law, and the respect due to the administration of justice. The petition must not contain any insulting or impertinent expression.

It is the duty of the party excepting, to place on the record all the facts and documents necessary to show the incorrectness of the opinion of the court *a qua,* to which he excepts, or this court will not say there is error therein.

In an action for damages for defamation of character, etc., the abusive words or slanderous epithets uttered in setting out the cause of action, cannot be made the basis of a demand in reconvention for damages. The damages claimed by one party are distinct and unconnected with those demanded by the other.

But where a demand in reconvention for damages is set up, and grounded on the slanderous epithets and words contained in the petition, and the plaintiff justifies and joins issue with the defendant upon the matters alleged in reconvention, the action may be maintained, and the plaintiff cannot afterwards have the reconventional demand stricken out.

In matters of fact the court rarely interferes with the finding of an impartial jury.

This is an action for slander. The plaintiff alleges that the defendant instituted a suit some time ago against him for a libel, which he delayed for a great while, and finally took a non-suit. He expressly charges that the defendant prosecuted him through malice, because he had charged said defendant, while acting in his professional capacity as lawyer, and in which he was personally interested in a matter, in the Probate Court of New-Orleans, concerning Daniel Clark's succession, with the suppression and destruction of said Clark's will, " of which suppression or destruction (he alleges) there cannot be a doubt that said *Relf* was guilty.

He further says he was detained and prevented, by the pending of said suit of the defendant, from going to Spain to attend to important business, in consequence of which he has suffered much loss and damage, and estimates his damages by the defamation of his fair character, and detention caused by the defendant, at fifty thousand dollars, for which he prays judgment.

The defendant pleaded a general denial, and admitted he had instituted a libel suit against the plaintiff, to vindicate his character from the *libelous* aspersions he had cast upon him, but denies that he was actuated by any malice towards him ; that a judgment of non-suit was taken by said Keene in the accidental absence of his counsel from court on the day of trial. And now assuming the character of plaintiff in reconvention, the respondent expressly charges that said R. R. Keene, in the present petition, has published against him false, libelous and scandalous accusations, in charging him with the suppression and destruction of Daniel Clark's will, with the intention to injure his character, and by means of which has done him great injury, to the amount of twenty thousand dollars. He prays that this matter may be inquired into by an impartial jury of the country, and for judgment.

To the demand in reconvention the plaintiff pleaded, first, *res judicata*, and second, justification.

Upon these pleadings and issues the parties went to trial.

The evidence showed, that on the 15th February, 1836, the day on which the libel suit of Relf *vs.* Keene was fixed for trial, there were several suits on the trial docket before it, and one that it was supposed would take up the whole day. On conversing with the lawyers, and ascertaining this fact, the counsel of Mr. Relf left the court room in the morning and did not return. Soon after, the court began to call the docket; some of the cases before this one were called, passed and continued. It was called unexpectedly, and the counsel for the plaintiff being absent, Mr. Keene stated he did not wish to take a non-suit, but would wait until the absent

39

counsel was sent for. The court refused to detain the jury, and Mr. Keene moved for a non-suit.

A mass of evidence was introduced on both sides, respecting the issues made up between the parties on two demands, *first*, of the plaintiff, and *second*, of defendant in reconvention. On the trial, the plaintiff moved to strike out the reconventional demand, which was refused, and a bill of exceptions taken.

There are two bills of exception in the record, which are fully stated in the opinion of the court, drawn up by Judge Carleton.

The jury returned a verdict for the defendant, and in favor of the latter in reconvention against the plaintiff, of one dollar in damages. The plaintiff appealed from the judgment confirming this verdict.

*Keene, in propriâ personâ*, contended, that the verdict and judgment was contrary to law and against the evidence in the case, and consequently the appellant is entitled to have the cause remanded for a new trial. *Code of Practice*, 560.

2. The allowance of the defendant's plea in reconvention was contrary to law, consequently, that plea or any verdict based upon it, could not admit of a legal judgment. *Code of Practice*, 375–6.

*L. C. Duncan* and *Mazureau, contra.*

*Carleton, J.*, delivered the opinion of the court.

The plaintiff sets out his case at considerable length, and in substance alleges, that while acting in his capacity, as counsellor at law and curator of the estate of the late Daniel Clark, he had exposed the flagrant abuses and malversations practised by the defendant, as one of the executors of said estate, under a pretended will, which had been revoked by the testator, who had made another and appointed other executors, from his knowledge of the defendant's unworthiness of the trust; that this last will had mysteriously disappeared when said defendant was present and had charge

of the papers of the deceased; " *and by his shuffling, cutting*
*and dealing Clark's will-pack, turned up for himself an executor*
*trump.*"

That thereupon the defendant instituted a libel suit against
the petitioner, for an alleged injury done to his character,
claiming twenty thousand dollars damages; that petitioner,
not having been actuated by malice in making such charges,
but aware of their truth, plead, and relied in his answer,
upon the plea of justification ; that the libel suit being tried,
verdict was rendered for this petitioner ; that by reason of
such libel suit, this petitioner had been detained in Louisi-
ana, and prevented from proceeding to Spain, on business of
importance, whereby he would have reaped great personal
advantage and profit ; that said libel suit was instituted
through motives of revenge and malice against the said
petitioner, for having unmasked said Relf and shown his
abuses and malversations upon said Clark's estate, and the
suppression of his last will of 1813, " *of which suppression or
destruction, there cannot be a doubt that said Relf was guilty.*"

That by reason of such malicious proceedings, and holding
the petitioner up to the country as a false and malicious
libeler, he has sustained damages in the sum of fifty thou-
sand dollars, for which he prays judgment.

The defendant in his answer admits the institution of the
suit for libel, but denies the malice ascribed to him.   He
then assumes the character of plaintiff in reconvention, and
avers that the matters contained in the petition filed in the
present suit, are false, scandalous accusations ; uttered, and
placed on the files of the court, with the malicious intention
of injuring his fair fame, and depriving him of the good will
and respect of his fellow citizens, by means of which he has
been endamaged twenty thousand dollars, for which he prays
judgment and a trial by jury.

To this petition in reconvention the plaintiff rejoins, and
sets up a plea of *res judicata* and justification.

The case was submitted to a jury, who, after hearing
much verbal and documentary evidence, during a session of
two days, pronounced a verdict for defendant in the principal

suit, and in favor of the plaintiff in reconvention for one dollar damages. The court rendered judgment in pursuance of the verdict and the plaintiff appealed.

Our attention is first drawn to the extraordinary language used by the plaintiff in setting out his cause of action, and we cannot but regret that he had not observed greater circumspection in the choice of his terms.

The Code of Practice, article 172, requires that " the petition must contain a clear and concise statement of the object of the demand, as well as of the nature of the title, or the cause of action on which it is founded."

" It must not contain any insulting or impertinent expression."

The language employed in setting out the plaintiff's case, should comport with the dignity of the law, and the respect due to the administration of justice. The petition must not contain any insulting or impertinent expressions.

Hurried by passion or zeal, men often utter expressions in common speech which the dignity of the law and the administration of justice, altogether exclude from the records of courts. Hence the legislature has wisely imposed restraints upon the license of language, in which litigants are apt to indulge, and we doubt not that the able and learned judge, before whom this cause was tried in the first instance, would have ordered portions of the petition to be stricken out, had they been properly presented to his notice.

Two bills of exceptions were taken by the plaintiff at the trial of the cause, the first of which is in the following words: " Defendant's counsel offered in evidence a paper, proved to be an agreement of partnership between Clark and Chew & Relf, which agreement referred to a schedule of said Clark's property, that was to be subject to said partnership, which said schedule was to be furnished by Clark, and annexed to said agreement. Plaintiff required said schedule to be exhibited or said agreement to be rejected. The court overruled him, and thereto he takes this bill of exceptions."

Neither the paper purporting to, be the partnership agreement, nor the schedule referred to are annexed, nor the object explained for which they were offered in evidence, or the reasons of the court for rejecting them.

EASTERN DIST.
*June,* 1837.

KEENE
*vs.*
RELF.

It is the duty of the party excepting, to place on the record all the facts and documents necessary to show the incorrectness of the opinion to which he excepts, or this court will not be able to say that any error has intervened.

In this second bill of exceptions the plaintiff "moved to correct, to strike out the reconvention of the defendant, and that the same should not go to the jury, because it was not a case in which, by law, a reconvention, on the grounds set forth in the defendant's answer and petition, could be sustained ; the court refused to order the same to be stricken out, and permitted the same to go to the jury, whereupon the plaintiff's counsel excepts," etc.

By the Code of Practice, article 375, it is provided, that "in order to entitle the defendant to institute a demand in reconvention, it is requisite that such demand, though different from the main action, be nevertheless, necessarily connected with, or incidental to, the same ; *ou en soit une suite, ou une dépendance nécessaire :* As where the carrier sues for freight and the consignee reconvenes for the amount of the damages sustained by the goods in their transportation, there the connexion between the claims of the parties is plain and may be adjusted in a single suit; but in the cause now under consideration, the plaintiff claims damages for defamation of character and detention, by a suit brought against him, which prevented him from leaving the state, for the transaction of his business abroad ; and in setting out his cause of action, uttered the words which became the basis of the plaintiff's suit in reconvention, so that the damages claimed by one party are distinct and unconnected with the damages claimed by the other.

Nevertheless, as the plaintiff had justified himself, and joined issue with the defendant, upon the matters alleged in the reconvention, we think the action may be well entertained by the court, upon the basis where the parties chose to place it ; and this, we suppose, to have been the true reason why the district judge refused to order the plea of reconvention to be stricken out.

*Marginal note:* It is the duty of the party excepting, to place on the record all the facts and documents necessary to show the incorrectness of the opinion of the court *a quo,* to which he excepts, or this court will not say there is error therein.

In an action for damages for defamation of character, etc., the abusive words or slanderous epithets uttered in setting out the cause of action, cannot be made the basis of a demand in reconvention for damages. The damages claimed by one party are distinct and unconnected with those demanded by the other.

But where a demand in reconvention for damages is set up, and grounded on the slanderous epithets and words contained in the petition, and the plaintiff justifies and joins issue with the defendant

EASTERN DIST.    Our attention is next drawn by counsel to the considera-
June, 1837.    tion of the testimony and documents coming up with the

M'MICKEN    record, and the conclusion which the jury have drawn from
*vs.*    them.    Here our duty requires of us little else than to
FICKLIN'S    approve what has been done, for this court rarely interferes
CURATOR.    with the finding of twelve impartial men, on matters of fact,
upon the matters    and still less where the jury are called upon to assess the
alleged in recon-    and still less where the jury are called upon to assess the
vention, the ac-    amount of damages, in which a party might imagine himself
tion may be    aggrieved.
maintained, and
the plaintiff can-
not afterwards
have the recon-    This principle has prevailed through the decisions of this
ventional de-    court for a series of years, and after a full examination of the
mand stricken    testimony before us, we see no reason to depart from it on
out.    the present occasion.
In matters of
fact the court
rarely interferes    We think the decree of the court ought to be affirmed.
with the finding
of an impartial    It is, therefore, ordered, adjudged and decreed, that the
jury.    judgment of the District Court be affirmed, with costs.