### KENNER v. MILNER.

### No. 1970.

Court of Appeal of Louisiana. First Circuit.
June 6, 1939.

For prior opinion, see 187 So. 309.

Hiddleston Kenner, of Bay St. Louis, Miss., in person, for appellant.

Purnell M. Milner, of New Orleans, in person, for appellee.

PER CURIAM.

Plaintiff in his petition for rehearing chiefly complains that we have failed to pass on the question of whether or not the presiding judge erred in his ruling on his motion for recusation of the trial judge.

In his original brief on the appeal before us, plaintiff failed to point out that he was complaining of the ruling of the lower court on his motion to have the trial judge recused, his only reference therein to the trial judge being the following statement:

"The judgment appealed from is not to be considered as having been rendered by an unbiased and impartial tribunal, but by a judge whose views and mental attitude must have been colored and warped by his confidential association with the defendant as attorney and client. Judge Jones would be more than human if his appreciation of the facts and legal aspects of the case were not governed to a large measure by his previous employment as the attorney for the defendant."

We took this to mean that it was plaintiff's contention that the trial judge was biased and that consequently the general rule that a judgment of a lower court should not be reversed on questions of fact unless manifestly erroneous should not be applied in reviewing the case.

In his brief, plaintiff only prayed for reversal of the judgment upon the merits and on the record, and did not voice, and obviously waived, any objection he may have had to the actual hearing of the case or the introduction of evidence.

It is noted that the motion for recusation was not filed by plaintiff until after the filing by him of other pleadings before the same trial judge whom he sought to have recused.

It is noted, also, that after the ruling by a judge from an adjoining district, plaintiff failed to reserve a bill of exception, but filed additional pleadings and went to trial without making further objection to the trial judge.

It seems to us that had plaintiff had serious grounds to urge for the recusation of the trial judge that, first, he would have made a motion for recusation at the outset, and second, at the time of the unfavorable ruling on his motion, he would have reserved a bill of exception and would at that time have appealed to the Supreme Court in its supervisory jurisdiction of all courts for a writ of prohibition to the trial judge.

We feel that for him to seriously urge this matter, after the trial and determination of his case, for the first time before this court on application for rehearing is untimely.

On the question of the merits, we failed to find any error in our former judgment.

Rehearing refused.