29 So.2d 162

In re BORDELON.

No. 38338.

Dec. 13, 1946.

Peterman, Gravel & Downs, of Alexandria, for relator.

J. B. Nachman, of Alexandria, for Walter W. Sterkx et al.

O'NIELL, Chief Justice.

This is a proceeding by certiorari, prohibition and mandamus to cancel a peace bond of $10,000.

The order requiring the relator to furnish the bond was granted by the judge of the district court on August 8, 1946, on the affidavit of four persons who appeared before him and declared under oath that they had just cause to apprehend that a breach of the peace was intended by Hansen D. Bordelon, who is the relator in this proceeding, and that unless the judge would order him to give bond to keep the peace he would, according to their fears, do them bodily harm.

The judge acted under authority of Section 35 of Article VII of the Constitution declaring that district judges shall have jurisdiction to require bonds to keep the

peace, and under authority of Article 27 of the Code of Criminal Procedure, prescribing the procedure for requiring peace bonds. The article provides that a judge shall have authority in all cases in which it shall appear to him by the oath of a credible person that a breach of the peace has been committed, or that there is just cause to apprehend that a breach of the peace is intended, to cause the person charged with such breach, or with such intention, to be brought before him, and to direct that he shall give such security as to the judge may seem reasonable, to keep the peace of the state, and to answer for the offense if any has been committed. The article provides further that in case of a refusal of the party accused to give the bond the judge shall commit him to the custody of the sheriff, who shall imprison him until he shall give the bond. It is declared in the article that in peace-bond cases no fees or costs shall be taxed against the parish or against either the complainant or the person placed under the peace bond.

The order of the judge directing the sheriff to arrest Bordelon and to require him to give the peace bond of $10,000 for a period of 12 months, or to commit him to jail if he should refuse to give the bond, was signed by the judge without first ordering Bordelon to be brought before the judge. But, on the next morning, August 9th, Bordelon informed his attorney of his having been ordered to furnish the peace bond, and the attorney, according to a statement made in his brief, interviewed the

judge and advised him of a ruling made by an assistant attorney general in 1938 to the effect that judges of the district courts had not jurisdiction to require peace bonds. It is admitted also in the relator's brief .that the judge thereupon stated that he would look into the question of jurisdiction and would instruct the sheriff to withhold enforcement of the order requiring the peace bond until August 12th. It was agreed then by and between the judge and Bordelon's attorney that the latter would appear before the judge with Bordelon on August 12th and present his plea. On that date Bordelon and his attorney appeared in the court room, before the judge, and filed an exception to the jurisdiction of the judge to require peace bonds. The attorney then cited in support of his exception the case of State ex rel. Caladera v. Restiva, 149 La. 462, 89 So. 425, and the opinion rendered by an assistant attorney general on June 9, 1938, reported in the Opinions of the Attorney General for 1938–1940, page 148. The judge overruled the relator's plea to the jurisdiction; and, according to the return made by the judge, the relator declined to make any further statement. It is stated also in the return made by the judge in response to the rule issued in this case that when he signed the order for the peace bond, on August 8th, he directed the sheriff that, before arresting Bordelon, he should bring him before the judge in order that he might be given a hearing, and that the sheriff should

bring also any witnesses whom Bordelon might see fit to produce. It is admitted that the four persons who had made the affidavit on which the judge granted the order requiring Bordelon to furnish the peace bond were in court when Bordelon appeared with his attorney on August 12th and filed his plea to the jurisdiction of the court. When the plea was overruled the judge informed Bordelon that he might make any statement that he or his attorney might see fit to make. The attorney requested that the clerk of court should make a record of the proceedings. The judge, having in mind the provision in Article 27 of the Code of Criminal Procedure that no fees or costs should be taxable against the parish or against the complainant or the person placed under a peace bond in such cases, informed Bordelon's attorney that he might, at his own expense, have a record made of the proceedings. According to the judge's return the attorney declined to have a record of the proceedings made by a stenographer at the expense of Bordelon, and gave notice to the judge that he would apply to the supreme court for writs of certiorari, prohibition and mandamus. He did not complain to the judge of the size of the bond which the judge required, but informed the sheriff at the time of signing it that he signed it under protest.

In the brief filed in this court the attorneys for the relator insist that his exception to the jurisdiction of the judge of the district court was well founded, according

to the decision rendered in State ex rel. Caladera v. Restiva, 149 La. 462, 89 So. 425, and the opinion rendered by the assistant attorney general on June 9, 1938, reported in the Opinions of the Attorney General 1938–1940, page 148.

We agree with the judge of the district court that the exception to his jurisdiction was not well founded. The opinion rendered by the assistant attorney general on June 9, 1938, was based upon the decision that had been rendered in State ex rel. Caladera v. Restiva, 149 La. 462, 89 So. 425, which in turn was founded upon the provisions of the Constitution of 1913. In that Constitution the jurisdiction of the district courts throughout the state, except in the Parish of Orleans, was defined in Article 109, and did not include the jurisdiction or authority to "require bonds to keep the peace". That authority was vested then only in justices of the peace. But in the corresponding section of the Constitution of 1921, section 35 of Article 7, defining the jurisdiction of the district courts throughout the state, except in the Parish of Orleans, there was added the words, "and may require bonds to keep the peace." Hence there is no doubt now about the jurisdiction or authority of the judges of the district courts throughout the state to require peace bonds in proper cases. The method of procedure in such cases is prescribed in Article 27 of the Code of Criminal Procedure, referring to the district judges throughout the state—thus:

"Every judge shall have the power in all cases in which it shall appear to him by the oath of a credible person that a breach of the peace has been committed, or that there is just cause to apprehend that a breach of the peace is intended, to cause the person charged with such breach or with such intention to be brought before him, and to direct that such person give such security as to the judge may seem reasonable to keep the peace of the state, and to answer to the offense if any has been committed; and in case of refusal to give such security he shall commit such person to the custody of the sheriff, who shall thereupon imprison such person until he shall enter into such security as has been ordered before the same or some other judge; provided that in no peace bond case shall any fees or costs be taxable either against the parish, the complainant or the person placed under peace bond."

The relator in this case sets up several alternative complaints, to be considered only in the event of our having affirmed the overruling of his exception to the jurisdiction of the judge of the district court.

The first alternative complaint is that the judge should have ordered Bordelon to appear before him before ordering him to furnish the peace bond. That complaint would be well founded but for the fact that the judge did have Bordelon brought before him and did in fact give him an opportunity to be heard before the judge required him to furnish the peace

bond. In his return or answer to the rule issued by this court the judge states that when he ordered the bond to be furnished he directed the sheriff to bring Bordelon before him to answer to the complaint, before arresting him, "in order that he might be given a hearing"; and the judge adds that he directed the sheriff to bring any witnesses whom Bordelon might see fit to produce. The judge's statement in that respect is borne out by the fact that Bordelon was not required to sign the bond and in fact did not sign it until he had appeared before the judge and was given an opportunity to be heard, on August 12, 1946.

The next alternative complaint of the relator is that he was not confronted with the witnesses against him and did not have the benefit of a cross-examination of them. He admits, however, in his brief filed in this court, that the witnesses were in court at the time of his appearing before the judge on August 12, 1946; we assume that he refers to the four witnesses who had signed the affidavit against him. According to the method of procedure outlined in Article 27 of the Code of Criminal Procedure, the judge was not obliged to have the witnesses testify to the facts to which they had made oath in their affidavit on August 8th. All that was necessary, under the article of the Code of Criminal Procedure, to give the judge authority to place Bordelon under a peace bond, was that it should appear to the judge "by the oath of a credible person that a breach of the peace had been committed, or that there is just cause to apprehend that a breach of the peace was intended" by Bordelon. In other words, in such cases, according to Article 27 of the Code of Criminal Procedure, a judge has the right to rest his belief upon the affidavit that there was just cause to apprehend that a breach of the peace was intended, provided the party proceeded against is given an opportunity to be heard before being required to give the bond. In this case Bordelon was given an opportunity to be heard. If, when he appeared before the judge to answer the affidavit which had been filed against him, he had denied that there was just cause for the affiants to apprehend that a breach of the peace was intended, the affiants would have been obliged to support their affidavit by showing what was the cause for their apprehension that a breach of the peace was intended. But Bordelon depended upon his plea or exception to the jurisdiction or authority of a district judge to require him to give a peace bond, "and declined to make any statement of any kind whatsoever" when the opportunity was given to him to do so, according to the return of the judge.

The next alternative complaint of the relator is that the amount of the bond, $10,000, is excessive. The answer to that is that no such complaint was made to the judge of the district court after he had fixed the bond. Perhaps the principal reason why there was no complaint in that respect is that Bordelon had no difficulty or delay in the matter of furnishing the

bond. He declares in his brief that his reason for not asking for a reduction of the amount of the bond was that such a request on his part would have constituted a waiver of his exception to the jurisdiction of the judge to require him to furnish a peace bond. Our opinion is that he might have made an alternative request of the judge to reduce the bond, without waiving his exception to the jurisdiction of the judge to require a peace bond. In fact, if the plea that the district judges throughout the state had not jurisdiction to require peace bonds had been well founded, the plea would have had reference to their jurisdiction ratione materiae, and could not have been waived by an alternative request for a reduction of the bond.

The relator complains finally that the conditions of the order for the bond are not limited to a breach of the peace in so far as the parties making the affidavit are concerned, but is a general order requiring the relator to keep the peace as to any and all persons for a period of 12 months. The order signed by the judge and directed to the sheriff did not state the conditions of the bond but merely directed the sheriff to require Bordelon to give security to keep the peace for a period of 12 months, in the sum of $10,000. The conditions stated in the bond itself are that Bordelon shall keep the peace and shall not do harm, contrary to law, to any person whomsoever and especially shall not do harm to or molest the parties named in the affidavit, for the period of 12 months. So far as these conditions go beyond the requirements of the statute, Article 27 of the Code of Criminal Procedure, the bond is not enforceable. State v. Read, 164 La. 315, 113 So. 860, 863, 54 A.L.R. 383. In that case it was declared:

"It is well settled that the conditions or obligations of a bond given under compulsion of a statute cannot be made more onerous than the statute requires. Any such stipulation beyond the requirements of the statute is null; and it has been so decided directly in reference to a peace bond." . . .

The relief prayed for by the relator is denied.

FOURNET, J., concurs in the decree.