JANVIER, Judge.
This litigation results from ill-feeling between two members of a church group. Apparently a fund was raised for the construction of a church building. The plaintiff, Emit Muldrow, was selected as one of the members of a building committee. On August 5, 1952,' he filed an affidavit in the Criminal District Court for the Parish of Orleans, as a result of which criminal proceedings were instituted against the defendant, Sam Jones, and in the said affidavit Jones was charged with wilfully and unlawfully violating “[LSA-] Rev.Stat. 14 — 47, relative to defamation of Emit Muldrow by spoken words.”
After a trial the said Sam Jones was acquitted on March 30, 1953. In the meantime, on June 5, 1952, the said Emit Mul-drow had filed this civil suit for damages ag'ainst Sam Jones, charging that the said Jones had publicly defamed him by charging that “Muldrow is building his house with Church money.” Muldrow, in this civil suit, prayed 'for judgment against Jones in the sum of $2,500.
In answer to this charge Jones denied that he had slandered Muldrow and, by reconventional demand, charged that Mul-drow had instituted the criminal proceedings against him and had filed the civil suit against him purely as the result of malice a.nd without probable cause, and he prayed for ■ judgment in reconvention against Muldrow in the sum of $1,250.
The matter was called for trial on various occasions — we are told by counsel, nine in all, and in no one of them did the plaintiff, Muldrow, appear. Finally, the Judge of the Civil District Court insisted that the matter be tried and since, even on this occasion, Muldrow was not present, a trial was had in his absence.
In addition to the documents showing the criminal affidavit and charge, the only evidence adduced was the testimony of Jones and the testimony of the pastor of the church. Judgment was then rendered dismissing the suit of Muldrow and in favor of Jones, plaintiff in reconvention, and against Muldrow in the sum of $450. From this judgment Muldrow has appealed.
As we have stated, there is no testimony in the record except that of Jones and the pastor. Jones states that at no time did he make any slanderous remarks against Muldrow, and the pastor of the church stated that he knew of no reason for the charge which Muldrow made against Jones.
When the matter was heard before us the only contentions made in behalf of the appellant are: (1) that the claim in recon-vention bears no relationship to and does not grow out of the main demand, and (2) that the claim in reconvention is premature since it was filed before the main demand had terminated unfavorably to the plaintiff therein and since it was also filed before the criminal charge against Jones had been dismissed by a verdict of not guilty.
As we view the matter, the claim in reconvention is rather closely related to the claim which is presented by the main demand. The main demand for damages for slander is based on the charge that the remarks referred to were made, whereas the demand in reconvention is based on the allegation that the charges made in, the main demand and in the affidavit which initiated the- criminal .prosecution, were made with malice and without probable cause.
The question which is presented by the contention that the reconventional demand is premature in that, when it was filed, neither the civil suit nor the criminal prosecution had terminated favorably to the plaintiff in reconvention, is a very interesting one.
*713 There is, of course, no doubt that a claim for damages for malicious prosecution, whether civil or criminal, cannot be successful unless it is made to appear that there has been a dismissal of the proceeding which is pointed to as having been prosecuted with malice and without probable cause.
In Glisson v. Biggio, 141 La. 209, 74 So. 907, 910, the Supreme Court said:
“Plaintiff does not allege in his petition that the suit for impeachment and removal from office had terminated favorably to him. This was a necessary allegation; and the proof in the record does not show that the dismissal of the cause was a judgment favorable to the plaintiff, or an abandonment of the prosecution thereto. * * * ”
It is certain therefore that, since neither the civil action against Jones, nor the criminal prosecution which had been instituted against him had terminated favorably to him, when he filed the recon-ventional demand had the civil action been tried promptly and before the termination of the criminal prosecution, the defendant in reconvention, by a plea of prematurity or by objection to evidence, could have prevented the consideration of the recon-ventional demand since neither the prosecution nor the civil action on which the reconventional demand was based had at that time terminated favorably to plaintiff in reconvention. However, because of delay resulting from the failure of Mul-drow, the defendant in reconvention, to appear at the several fixings of the civil suit and the continuance which resulted when that matter was finally tried, the criminal prosecution had terminated favorably to Jones. Because of the then existing status .of > the litigation, we find most interesting a decision of our Supreme Court in Wolf v. Royal Ins. Co. of Liverpool, Eng., 130 La. 679, 58 So. 507. The result arrived at there is accurately and tersely set forth in Dart’s. Louisiana Digest, Malicious Prosecution, Vol. 11, sec. 12, p. 240, as follows:
“Where the same matter is made the subject of a civil action and of a criminal action, an'action for damages for malicious prosecution will lie after the .acquittal of the accused.”
As we read the opinion in that case it appears to be a holding that where, as here, a suit for damages for malicious prosecution is based on a civil action as well as on a criminal prosecution, and where, as here, there has been a dismissal of the criminal prosecution, the suit for malicious prosecution may be successfully prosecuted even though the civil action on which it is partially based has not yet terminated.
We feel that, since the civil action had not then terminated and, in fact, has not yet terminated since it is now before us on appeal, no part of the claim of Jones can be based on the charge that the civil action instituted by Muldrow was with malice and without probable cause, but we feel equally certain that that part of the claim which is based on the criminal prosecution, which has terminated successfully, may be made the basis of the claim of Jones for damages. The fact that it had not terminated favorably when the reconven-tional demand was filed is, we think, no longer of importance.
The amount allowed to Jones as damages is not excessive. He was caused considerable embarrassment and there is no evidence to contradict his statement that his business was to some extent harmed, and both he and the pastor of the church testified that apparently there was no reason whatever for the charges which Mul-drow made against him.
The judgment appealed from is affirmed at the cost of appellant.
Affirmed.