96 So.2d 872 (1957)
William P. COX, Plaintiff-Appellee,
v.
Dr. Paul CASHIO, Defendant-Appellant.
No. 4477.
Court of Appeal of Louisiana, First Circuit.
June 28, 1957.
Rehearing Denied September 23, 1957.
*874 Philip E. Pfeffer, Covington, for appellant.
Sidney W. Provensal, Slidell, for appellee.
TATE, Judge.
The appeal herein to the Supreme Court was by that tribunal transferred to us. 231 La. 407, 91 So.2d 583.
Plaintiff filed suit seeking damages for an alleged false arrest and malicious prosecution; defendant reconvened. Defendant appeals from the District Court's refusal to award him damages upon his reconventional demand due to his alleged failure to prove same with legal certainty; plaintiff-appellee answered the appeal praying that the District Court's dismissal of his original demand be reversed and for judgment in his favor.
On December 1, 1953, the appellant (defendant and also the plaintiff in reconvention) swore out an affidavit before the local Justice of the Peace in Lacombe that Cox, the plaintiff-appellee, was "making false statements tending to derogate from honor and character of the undersigned; causing false rumors to be spread: asks that Cox be placed under peace bond." The appellant is a physician who had just constructed a 19-bed hospital and just moved to Lacombe to conduct his medical practice.
Both the Justice and the appellant testified that the latter did not desire the arrest of appellee, but just to have him cease making certain false and derogatory statements concerning the appellant and his family and his medical ability. Although the justice of the peace intended to require Cox to post a peace bond under LSA-R.S. 15:27, he did not have Cox brought before him before requiring same, In re Bordelon, 210 La. 1080, 29 So.2d 162. Instead, he issued a warrant against plaintiff Cox on a charge of his "making false statements tending to derogate from honor and character of" the appellant physician, i.e., for the crime of defamation, LSA-R.S. 14:47.
The ward constable informed Cox he would have to make a bond of $250, went with him to a friend, who signed said bond with the ward constable.
In an action to recover damages for malicious prosecution of a criminal or civil proceeding, the plaintiff must prove: (1) termination of the proceeding in favor of the plaintiff; and (2) lack of probable cause, and (3) malice on the part of the defendant. Scott v. Citizens' Hardware & Furniture Co., 180 La. 473, 156 So. 469; Graham v. Interstate Electric Co., 170 La. 392, 127 So. 879; Kenner v. Milner, La. App. 1 Cir., 187 So. 309, rehearing denied 189 So. 460; 54 C.J.S. Malicious Prosecution § 1, p. 951.
We think the District Court correctly held that plaintiff failed to prove all three of these essential elements of this *875 cause of action. It is sufficient to state that the record supports the trial court's finding that on several occasions the plaintiff publicly in crude language made the false statement or inference that the defendant-appellant was of Negro extraction, and that the said plaintiff-appellee slandered said physician by stating that he would not have the latter treat his dog. Defendant-appellant clearly had good cause to swear out his affidavit before the justice of the peace.
By supplemental brief, the plaintiff-appellee urges that the present should be regarded as an action for "false arrest" rather than "malicious prosecution". There is a marked distinction between the two causes of actionin false imprisonment, the detention is "without color of legal authority", whereas in malicious prosecution, any detention "is malicious but under the due forms of law", De Bouchel v. Koss Const. Co., 177 La. 841, 149 So. 496, at page 497; lack of probable cause not being an essential element of the false arrest action. See also 35 C.J.S. False Imprisonment § 4, Malicious Prosecution, p. 503. Whether the warrant under which plaintiff made bond of $250.00 be regarded as based upon the criminal charge of defamation, LSA-R.S. 14:47; or whether it be regarded as an irregular attempt under LSA-R.S. 15:27 to require a peace bond of Cox; nevertheless, plaintiff's detention was under color of legal authority.[1] The action for false arrest also falls.
Defendant-appellant reconvened for the alleged damages caused him by (1) plaintiff's malicious and false statements upon which his request for a peace bond was based; and (2) the institution of the present suit by plaintiff. When the plaintiff and the defendant reside in the same parish, it is required that the reconventional demand "though different from the main action, be, nevertheless, necessarily connected with and incidental to the same * * *", Article 375, Code of Practice.
The District Court correctly sustained plaintiff's objection to the reconventional demand insofar as based upon damages allegedly arising from the wrongful institution by plaintiff of the present suit. Such damages have been held not to be the proper subject of a reconventional demand, either because (such damages essentially being based upon the alleged malicious prosecution of the civil suit) unsuccessful termination cannot of course be proven until after final judgment in the suit, W. B. Thompson & Co. v. Gosserand, 128 La. 1029, 55 So. 663; Muldrow v. Jones, La.App. Orleans, 85 So.2d 711; Wilson Sporting Goods Co. v. Alwes, La.App. 1 Cir., 21 So.2d 102, certiorari denied; or else upon the perhaps logically questionable grounds that such damages are not sufficiently connected with the main cause sued upon, Keene v. Relf, 11 La. 304; contra: Muldrow v. Jones, supra cit.
The trial court, also correctly in our opinion, overruled the defendant's objection to the reconventional demand for damages for the defamatory and false remarks which prompted the defendant's affidavit before the Justice of the Peace. The affidavit was the basis of plaintiff's suit for the allegedly malicious prosecution. Such a reconventional demand is, in our opinion, "necessarily connected with and incidental to" the main demand. Article 375, C.P.; Meyer v. Hackler, 219 La. 750, 54 So.2d 7; Muldrow v. Jones, La.App. Orleans, 85 So.2d 711; Dixie Machine, etc., Works v. Boulet Transp. Co., La.App. Orleans, 38 So.2d 546.
"Where the facts set up by defendant constitute a defense to plaintiff's claim, they are connected with the subject *876 of the action," 80 C.J.S. Set-Off and Counterclaim § 40, p. 57. "The object of the articles of the Code of Practice authorizing demands in reconvention is to enable the parties litigant, at the election of the defendant, to adjust their conflicting claims in one action, thereby avoiding a multiplicity of suits," McMillan v. Lorimer, 160 La. 400, at page 406, 107 So. 239, at page 241.
The case of Muldrow v. Jones, 85 So.2d 711, decided by our brothers of the Orleans Court of Appeal, is particularly interesting with regard to the questions raised by the reconventional demand herein. There, exactly the reverse of the present situation, the plaintiff filed suit for slander; the defendant reconvened for damages resulting from malicious prosecution both of the civil suit in which the reconventional demand was filed and also of a criminal prosecution for public defamation under LSA-R.S. 14:47. Since the latter prosecution had terminated in favor of the defendant (the plaintiff in reconvention), he was permitted to assert said damages by reconventional demand in the civil suit; since the civil prosecution had not yet terminated at the time of the trial of the reconventional demand, and in fact was the subject of the opinion of the court of appeal, the court held that such part of the action by way of reconventional demand was not well founded, being premature in the absence of a termination of the civil prosecution in plaintiff's favor.
The Court's opinion therein did indicate that for purposes of allowing a reconventional demand there was sufficient connexity to satisfy the requirements of Article 375, C.P., between the action for slander and the action for malicious prosecution based upon institution of the legal actions against the alleged slanderer.
We believe, however, that the learned District Court fell into error in disallowing the defendant any damages upon his reconventional demand on the ground that same were not established with legal certainty.
In Kennedy v. Item Co., 213 La. 347, 34 So.2d 886, at page 895, our Supreme Court indicated the difficulty of proving pecuniary damages as the result of a malicious or false statement concerning the character or professional ability of a person subjected to such statement, and held that such assessment of damages is left largely to the discretion of the courts, taking into consideration the severity of the charges, the motives of the defamer, as well as the "position of influence" enjoyed by the defamer and the consequent extent and weight of the circulation of the defamation, 34 So.2d 895. See also: Article 1934, C.C.: Gladney v. De Bretton, 218 La. 296, 49 So.2d 18; Edwards v. Derrick, 193 La. 331, 190 So. 571; Searcy v. Interurban Transp. Co., 189 La. 183, 179 So. 75; Jozsa v. Moroney, 125 La. 813, 51 So. 908, 27 L.R.A.N.S., 1041, and many cases cited therein.
The District Court noted that "the plaintiff is a retired Mississippi River pilot of advanced years, and in giving his testimony impressed me as a man who is somewhat eccentric and rather eager to give his opinion on most any conceivable subject." Tr-29.
Taking into consideration the financial status and the "position of influence" of plaintiff, and in view of the awards made in the last cited cases, we think the interests of justice would be served by an award of $500 in favor of plaintiff upon his reconventional demand for damages resulting from the slanderous remarks made by plaintiff Cox. See also: Modisette & Adams v. Lorenze, 163 La. 505, 112 So. 397; Cavalier v. Original Club Forest, La.App. Orleans, 59 So.2d 489; Sanders v. W. T. Grant Co., La.App. 1 Cir., 55 So.2d 89.
For the above and foregoing reasons, the judgment of the District Court is affirmed insofar as it dismissed the main demand in the suit below at plaintiff-appellee's cost and insofar as it allowed defendant-appellant's reconventional demand; it *877 is amended, however, to award judgment in favor of appellant plaintiff in reconvention, Dr. Paul Cashio, and against appellee defendant in reconvention, William P. Cox, in the full sum of $500 plus legal interest thereupon from legal demand until paid, the latter party being further assessed with all the costs of the proceedings below and of the appeal to this court.
Amended and as amended, affirmed.
NOTES
[1] Cf. 35 C.J.S. False Imprisonment § 4, pp. 504-505: "If the imprisonment is under legal authority it may be [a] malicious [prosecution] but it cannot be [a] false [arrest]. This is true where legal authority is shown by valid process, even if irregular or voidable."