No. 562

First Circuit

———

HEPTING v. DURAND

———

(March 5, 1930. Opinion and Decree.)

———

Lessley & Rouly, of Lafayette, attorneys for plaintiff, appellant.

Voorhies & Labbe, of Lafayette, attorneys for defendant, appellee.

LEBLANC, J. Plaintiff, Martin Hepting, sues the defendant, Albert L. Durand, for damages in the sum of $15,000, alleging that the defendant falsely charged him with, and had him arrested for, stealing a cow. He describes defendant's action as one done with "malicious intent to destroy his good name, fame, credit and reputation." It is plain then that the suit is one for damages for defamation of character. It was dismissed on an exception of no cause of action in the lower court, whereupon plaintiff obtained an order of appeal made returnable to this court.

Defendant, the appellee, has filed a motion praying for the dismissal of the appeal on the ground that this court is without jurisdiction as the suit is not one for damages for physical injuries, and the amount sought to be recovered is over the sum of two thousand dollars.

Appellant answers the motion admitting that this court is without jurisdiction, but prays that the appeal be transferred to the Supreme Court.

This court has jurisdiction as an appellate court in excess of $2,000 only "in suits for damages for physical injuries to, or for the death of a person, or for other damages sustained by such person or his heirs or legal representatives, arising out of the same circumstances," etc. Const. 1921, art. 7, sec. 10, par. 2. Defamation of character is not a physical injury, nor does it give rise to damages by reason of physical injury. It is obvious therefore that this court must decline jurisdiction, as it has frequently done before in cases of the character of the one here presented.

As the right of appeal is a constitutional one which is always favored by the courts, appellant's motion to have the appeal transferred to the Supreme Court shall prevail over appellee's motion to dismiss.

It is therefore ordered that, in accordance with the provisions of Act No. 19 of 1912, the appeal in this case be transferred to the Supreme Court, within thirty days from this date, March 5, 1930.

LECHE, J., not participating.