142 So. 138

**NEWSOM v. STARNS et al.**

No. 31657.

Supreme Court of Louisiana.

April 25, 1932.

Rownd & Warner, J. M. Blache, Jr., and B. Marvin Harvard, all of Hammond, for relator.

Amos L. Ponder and W. B. Kemp, both of Amite, Carter Rownd and Carroll Buck, of Amite, for respondents.

LAND, **J.**

Plaintiff has sued defendants for damages for kidnapping, tarring and feathering him, and has joined with this cause of action separate and distinct demands for damages to his good name and reputation in the sum of $20,000, alleged to have been caused by general publication in the newspapers of the news of plaintiff's tarring and feathering, and by the special publication by the defendant Issac G. Starns "of vile and defamatory charges against petitioner, alleging that he had been intimate with his, defendant's, wife." Plaintiff's Petition, Arts. 23–30.

The principal demand of plaintiff for $20,000 necessarily includes damages for personal injury, as plaintiff alleges that he was violently seized and forcibly handcuffed, and that his wrists were thereby injured, that coal tar, smeared by defendants upon his body, burned his skin with great intensity and pain from head to foot, and that his body was cut and twisted by the inhuman treatment received by him at the hands of defendants, and that he was dumped with violence out of the car driven by defendants in the main business section of the town of Hammond, after he had been brought back to town by them.

As the Court of Appeal has exclusive jurisdiction over suits for damages for personal injuries, regardless of amount, it has jurisdiction, without doubt, over the principal demand of plaintiff in this case for damages in the sum of $20,000.

But the demands of plaintiff for damages in the sum of $20,000, for general publication of news of his tarring and feathering, and for special publication by the defendant Isaac G. Starns of alleged libelous matters affecting plaintiff, are not suits for damages for personal injuries, but are separate and distinct causes of action, over which the Court of Appeal has no jurisdiction, since the amount in dispute exceeds the sum of $2,000. Const. 1921, art. 7, § 10 and section 29.

The Court of Appeal erred, therefore, in remanding the case to the lower court in order to give to defendants an opportunity to prove the truth, in justification of the alleged libelous charges.

This demand, as well as the demand for damages arising from the general publication of the news of plaintiff's tarring and feathering, should be disregarded by the Court of Appeal for want of jurisdiction, and plaintiff's principal demand should have been entertained and passed upon by that court.

It is therefore ordered that the judgment of the Court of Appeal, First circuit, be annulled and set aside.

It is now ordered that this case be remanded to the Court of Appeal, First circuit, and be reinstated upon the docket of that court, and be proceeded with in due course in accordance with the views herein expressed.