## APPLEWHITE v. NEW ORLEANS GREAT NORTHERN R. CO.

### No. 1144.

Court of Appeal of Louisiana. First Circuit. May 22, 1933.

A. D. Schwartz, of Covington, for appellant.

Benj. W. Miller, of Bogalusa, and B. M. Miller, of Covington, for appellee.

LE BLANC, Judge.

The plaintiff in this case was shot and slightly wounded, and later arrested, imprisoned, and prosecuted on a charge made against him by one J. L. Yarbro, special agent of the defendant railroad company, for breaking the seal of a box car at Slidell, La., with the intent to commit larceny. He was indicted by the grand jury of St. Tammany parish, tried before a petit jury in the district court of that parish, and acquitted. He instituted this suit for damages, against the railroad company, charging that Yarbro, who shot

him and had him arrested and imprisoned, was at the time acting within the scope of his authority as its special agent, and in the furtherance of its interest and policies.

The case was tried before a jury which rendered a verdict in favor of the defendant. The district judge approved the verdict and signed a judgment dismissing plaintiff's suit. He then appealed to this court.

■ There is no motion contesting the jurisdiction of this court, but, in view of our authority to consider the question ex proprio motu and of what we consider to be our duty in that respect, we will first dispose of that most important matter.

■ The jurisdiction of this court is regulated by section 29 of article 7 of the Constitution of 1921, which must be read in connection with section 10 of the same article. Section 10 provides what classes of suits, in which the demand is in excess of $2,000, are excepted from the jurisdiction of the Supreme Court. The two exceptions are compensation suits, and those suits for "damages for physical injuries to, or for the death of a person, or for other damages sustained by such person or his heirs or legal representatives, arising out of the same circumstances. * * *" In those cases, jurisdiction is conferred in the Courts of Appeal by section 29 of article 7 of the Constitution, since that section provides that their jurisdiction shall extend to all cases "of which the * * * District Courts * * * have exclusive original jurisdiction, regardless of the amount involved, or concurrent jurisdiction exceeding one hundred dollars, exclusive of interest, and of which the Supreme Court is not given jurisdiction."

In discussing the question of jurisdiction, it is necessary for us to consider what is the demand, or, rather, we should say, what are the demands, in this case.

In paragraph 4 of his petition, the plaintiff, after having previously detailed when and where the occurrence took place, alleges: "That at said time and place, and without notice or warning to your petitioner one J. L. Yarbro, an official and employee of the defendant herein, * * * whilst concealed in the darkness back of a stack of cross ties, and without warning or notice to your petitioner, did fire upon petitioner with a shot gun loaded with buck shot, wounding and maiming your petitioner in the hip and thigh. * * *"

In the paragraph following, although not separately numbered, he alleges that he retreated and finally went back to Slidell and obtained permission of the agent in charge of the railroad station to lie down on the floor of the waiting room. In the next paragraph he sets out how his assailant later found him there and had him taken in custody by the town marshal and incarcerated in the town jail. Several paragraphs following, all separately numbered, are devoted to averments concerning his indictment and prosecution.

Coming then to paragraph 8 of the petition, we find plaintiff alleging that: "Your petitioner shows that the assault and wounding of petitioner as hereinabove alleged, was wholly without cause or justification, and that the prosecution against him by the defendant herein, was likewise wholly without probable cause on the part of the said defendant, its officers, agents and superintendents, and, was malicious both in law and in fact."

There can be no doubt, after reading this last paragraph, that the plaintiff has set out two separate and distinct causes of action: One for assault and wounding without cause or justification and for pain from which and as exemplary damages he seeks to recover the sum of $500, and the other for malicious prosecution for which he asks the following damages:

"For actual pain, physically, mentally, humiliation, discomfort, loss of wages earning capacity during 110 days' imprisonment $2,750.

"For obligation due by petitioner on a certain promissory note, dated March 19, 1931, for $500.00 for professional services of counsel engaged in the case of the State of La., vs. John Applewhite, No. 3137 of the docket of this court $500.

"For exemplary damages for the illegal, unfounded and malicious imprisonment and prosecution of the plaintiff herein as aforesaid $1000."

Of the total amount of damages claimed, $4,750, it can be said that there is only $250 for physical injuries, that being the sum claimed for pain due to the wounding from the gunshot. There is a further demand of $250 for exemplary damages for the felonious assault which, if considered at all, could be said to be damages arising out of the same circumstances that caused the physical injury. The remaining damages claimed which make a sum far in excess of $2,000 are not for physical injuries, save a portion that is lumped with those for humiliation and loss of wages, and all of these grow out of the alleged malicious prosecution. Therefore we have a situation in which only $250 are asked for as damages for physical injuries and $250 for other damages arising out of the same circumstances under which those injuries arose. As for such damages, this court is vested with jurisdiction to consider them. All other damages claimed, and they exceed $2,000, are for or arise out of the malicious prosecution. The amount claimed being in excess of that with which we are vested with jurisdiction, and not being for physical injuries or arising out of the same circumstances that produced the physical injury, we cannot consider them.

The situation may be said to be somewhat similar to the one presented in the case of Newsom v. Starns (La. App.) 136 So. 743. In that case the facts alleged were to the effect that plaintiff had been tarred and feathered by the Starns brothers, defendants in the suit. As damages for the alleged criminal acts of the defendants, and because of the unfavorable publicity he received when the news thereof was published in the newspapers, he demanded $60,000, of which $20,000 were claimed for personal injuries, $20,000 for loss of dental practice, and $20,000 for loss of good name and reputation. When the case reached this court, although there was no formal motion to dismiss filed, the question of jurisdiction was raised in oral argument and brief of counsel for defendants. We gave consideration to the question, and held that, inasmuch as the tar and feathering was an assault and battery, a personal injury, and that all damages claimed other than those for pain and suffering arose out of the tar and feathering, we had jurisdiction of the entire case and entertained the appeal. We came to the conclusion that the case should be remanded to the district court for purposes which it is not necessary to mention here, and it was so ordered. The case then went to the Supreme Court of the state on certiorari, and, on reviewing the decision of this court, that court held that we were in error in having assumed jurisdiction of the whole case. Our jurisdiction was limited, said the court in effect, to the demand of $20,000 for personal injuries. "But the demands of plaintiff for damages in the sum of $20,000, for general publication of news of his tarring and feathering, and for special publication * * * of alleged libelous matters affecting plaintiff, are not suits for damages for personal injuries, but are separate and distinct causes of action, over which the Court of Appeal has no jurisdiction, since the amount in dispute exceeds the sum of $2,000. Const. 1921, art. 7, § 10 and section 29." The case was then remanded to this court, with instructions that the last-mentioned claim be disregarded for want of jurisdiction, and that the other, called the principal demand, be entertained and passed on. Newsom v. Starns, 174 La. 955, 142 So. 138.

As we are of the opinion that a suit for malicious prosecution can no more be said to be a suit for damages for physical injuries than can a suit for the publication of libelous and malicious matters against a party, we have to decline jurisdiction of that part of the demand which is based on that cause of action, the same being in excess of $2,000, and, guiding ourselves by the decision of the Supreme Court in the Newsom Case, will limit our consideration of the case to the demand for damages arising out of the assault and shooting.

█ It is not necessary to go into a lengthy discussion of the facts to pass on plaintiff's right to recover damages on account of the shooting. The judgment appealed from, which rejected the demands of plaintiff entirely, was correct in so far as those claimed for the assault and shooting were concerned.

It appears that, for several months prior to the night on which plaintiff was shot, there had been quite a number of box car robberies at North Slidell, which is a junction point on the defendant company's railroad. O. H. King, the company's chief special agent, assigned J. L. Yarbro, special agent residing at Bogalusa, to the job of trying to break them up. On the night of November 28, 1931, he went to North Slidell, reaching there shortly after midnight. He there met a northbound freight train from which he knew one of the box cars loaded with merchandise would be set out on a switch. He examined the seals on this car, and found that they were intact, not broken. When the train was run into a siding, he walked around it to a point about fifty feet west off the box car on which he kept his attention fastened. He concealed himself back of a stack of crossties, from where he had a good lookout. Shortly after that he says he saw a man coming from the depot toward the car and walk to the side away from his view. He then made out the bulk of three men. Two of them went around the car and the other came over to the side on which he was, which was the door side of the car. He saw him reach for the seal and unfasten the door. This man then walked over to the end of the car and he called to him to stop. He says the man then turned toward him in an attitude which indicated that he was reaching for a gun, and he then fired the shot which took effect and caused the damage complained of by the plaintiff. A minute or two after he fired the shot, Yarbro went to the door of the box car, found the seal had been broken and the door shoved open a few inches. Three of the train crew also ran to the box car. They all found the same condition, and two of them say they saw Yarbro pick up the broken seal which had fallen to the ground right under the door.

Now it is not disputed that the plaintiff was the man who was shot at that train on that night. Of course, his version is entirely different from that given by Yarbro. He gives an account of having left New Orleans during the day of November 28th, and of having walked most of the way to Slidell. He was around the train, he says, trying to get the crew to let him work for a ride to Bogalusa. But he has no evidence of any kind to support his story. The corroborating facts and circumstances, on the contrary, are in favor of Yarbro's testimony, and we are satisfied that he only fired the gun because he honestly believed that there was an

attempt being made to rob that box car which he had been specially assigned to guard and protect.

■■ We hardly think it necessary to cite authority which gives a man the right to protect his or his employer's property by the use of reasonable force under the particular conditions existing at the time it is being depredated. Nor do we believe, can it be successfully urged on the part of a person engaged in a felony, that he has the right to recover damages from the party who wounds him in protecting his or his employer's property.

With regard to those damages claimed for malicious prosecution, it seems evident to us, from the law and authority cited herein, that this court has no jurisdiction to entertain the appeal.

The judgment, in so far as it rejected the plaintiff's demand for damages on account of the assault and shooting, is correct, and to that extent it is affirmed.