**JUMONVILLE v. FREY'S, Inc., et al.***
No. 16587.

Court of Appeal of Louisiana. Orleans.

Jan. 11, 1937.

*Writ of certiorari refused Feb. 1, 1937.

Philip R. Livaudais and Geo. D. Smart, both of New Orleans, for appellant.

F. Rivers Richardson, of New Orleans, for appellee mover.

JANVIER, Judge.

This matter comes before us on motion of defendant-appellee to dismiss the appeal because of alleged want of jurisdiction in this court ratione materiæ. It is asserted by the mover that the suit is one for recovery for damage caused by "verbal assault" and that, since the amount claimed is in excess of $2,000, the appeal should have been taken to the Supreme Court and not to this court because, by article 7, § 10, of the Constitution of Louisiana of 1921, the Supreme Court is given exclusive appellate jurisdiction "in civil suits where the amount in dispute * * * shall exceed two thousand dollars exclusive of interest" and that, although there is an exception which conveys appellate jurisdiction on the Courts of Appeal, even where more than $2,000 is involved where the suit is "for damages for physical injuries," the said exception is not applicable here for the reason that no actual physical injuries were sustained.

The question of whether this court, or the Supreme Court, has jurisdiction, on appeal, of a suit for damages for "verbal assault" or for insult and abuse, where the amount claimed is in excess of $2,000 might be interesting in view of our decision in Trascher v. Johnson, 163 So. 431, were it not for the fact that for other reasons which we shall set forth, we feel that this court and not the Supreme Court is vested with jurisdiction in this case. In Trascher v. Johnson we said that in no case in this state had more than $2,000 been allowed in such a case, and that, therefore, where more than that amount is claimed, the claim is obviously inflated. The interesting question which would have

been presented, had there not been other grounds for our holding that our jurisdiction attaches, would be whether or not our decision in that case was correct in view of the fact that in other cases, which we did not at that time cite, more than $2,000 had been allowed. See Tulane Law Review, vol. 10, p. 307. However, we need not again consider that question, though, apparently, we were incorrect in the view which we adopted there.

Spearman v. Toye Bros. Auto & Taxicab Co., 164 La. 677, 114 So. 591, 592, and Clarke v. Bandelin, 6 La.App. 564, are authority for the view that where the amount in dispute exceeds $2,000 the Constitution does not convey appellate jurisdiction on the Courts of Appeal except where the suit is one for physical injuries.

But mover overlooks the fact that, although the greater portion of plaintiff's claim is made for humiliation, mental anguish, "verbal assault" and similar items not involving actual physical injury, there is included a demand for $3,000 for the damage sustained by plaintiff by "the aggravation of her illness" and $1,000 "for the shock to her nervous system." Reference to the constitutional provision in question shows that, where there is a claim for damage for physical injuries, even if the amount claimed is in excess of $2,000, jurisdiction on appeal is given to the Courts of Appeal even though there may be included in the claim items "for other damages * * * arising out of the same circumstances. * * *"

Even had we not before us the interpretation placed by the Supreme Court upon the words "arising out of the same circumstances," we feel that we would have been inclined to the view that it was the purpose of the framers of the Constitution, in inserting those words, to give to the Courts of Appeal jurisdiction over all cases involving claims for damages for physical injuries, even though there might also be included in such claims additional demands for damage caused by mental anguish, humiliation, et cetera, if caused by facts which also caused the physical injuries.

But, as we have intimated, the phrase under discussion has been considered by the Supreme Court in Spearman v. Toye Bros. Auto & Taxicab Company, supra. There was involved in that case a claim for $15,000 for alleged damage for "humiliation, mental anguish, pain and suffering."

The Supreme Court, it is true, held that it and not this court was vested with appellate jurisdiction, but did so because it found that "there was no more of a physical injury to the plaintiff than there would have been if she had been insulted verbally by the chauffeur." The court felt that, had there been any claim or proof of physical injury, it would not have had jurisdiction, saying: "The purpose of excepting from the jurisdiction of this court suits 'for other damages * * * arising out of the same circumstances' as those causing physical injuries was to confer upon one and the same appellate court jurisdiction over a suit for the damages of every character resulting from a wrongful act or negligence causing physical injury to a person."

In the case before us, plaintiff's petition, as we have shown, contains a claim for physical injuries resulting from the aggravation of a previously existing disease and from shock to her nervous system and the record contains evidence which, if true, shows that such injuries were actually sustained.

It follows that the appeal was properly taken to this court. Consequently, it is ordered, adjudged, and decreed that the motion to dismiss the appeal be, and it is, overruled at the cost of mover.

Motion overruled.