This appeal was taken by plaintiff from a judgment dismissing his suit for $53,583.47, damages for slander and libel.
Defendant moves to dismiss the appeal because of our alleged want of jurisdiction ratione materia since the amount in controversy is in excess of $2,000.
Of course, where the true amount in controversy exceeds $2,000, this court is without jurisdiction unless the suit is one for damages for physical injuries. Par. 3, Sec. 10, Art. 7, Constitution of 1921. See Spearman v. Toye Bros. Auto Taxicab Co., 164 La. 677, 114 So. 591; Clarke v. Bandelin, 6 La.App. 564.
There is no claim for physical injury involved where the suit is one for slander. In Trascher v. Johnson, 163 So. 431, we held that "* * * since under the jurisprudence of this state no award of damages, upon a similar cause of action, [slander] has ever been approved in excess of the sum of $2,000 * * *".
Wherever a sum greater than $2,000 is sued for as damages for slander or libel, it will be held that the amount is fictitiously inflated and that, in reality, the amount in controversy is less than $2,000. That conclusion was questioned in 10 Tulane Law Review, 307, in an article in which it was shown that there had been cases in Louisiana in which amounts greater than $2,000 had been allowed for libel and slander. See Schwing v. Dunlap,130 La. 498, 58 So. 162, where $5,000 was allowed for libel, and Jackson v. Briede, 156 La. 573, 100 So. 722, in which $2,500 was allowed for libel. We later recognized this and, in Jumonville v. Frey's, Inc., et al., La.App., 171 So. 590, referred to the article in Tulane Law Review and conceded that our conclusion in Trascher v. Johnson had been incorrect.
We are now of opinion that where, in a suit for libel or slander, or both, a sum in excess of $2,000 is prayed for and the suit is dismissed, plaintiff's appeal cannot come to this Court. However, since, by Act 19 of 1912, we are authorized to transfer such an appeal as this to the Supreme Court, we will follow that course.
It is therefore ordered, adjudged and decreed that this appeal be, and it is hereby transferred to the Supreme Court of Louisiana, to be disposed of according to law, the transfer to be made within sixty days after this judgment becomes final, and if not so made, then the appeal is to be deemed dismissed. Appellant to pay the costs of appeal in this court; the remaining costs to await final determination of the matter.
Transferred to Supreme Court. *Page 131