41 So.2d 230

**SIBLEY et al. v. PETTY REALTY CO., Inc., et al.**

No. 38622.

May 31, 1949.

Irion & Switzer, Clifton F. Davis, Shreveport, for defendants and appellants.

Deutsch, Kerrigan & Stiles and Breard Snellings, New Orleans, for defendants' call in warranty.

Albert E. Bryson, Shreveport, for plaintiffs-appellees.

McCALEB, Justice.

This is a suit for damages. Isaac F. Sibley, appearing individually and as administrator of the estates of his six minor children, and his wife, Mildred H. Sibley, allege that, on October 26th 1946, while they were occupying the premises No. 111 Finn Street, Shreveport, Louisiana, as tenants of Petty Realty Co., Inc., its President and General Manager, M. A. Mangham, disconnected the gas line running into their home thereby depriving them of fuel for heat and cooking; that his act which was willful and motivated by a desire to unlawfully force them to vacate the premises, was committed at a time when the weather was very cold; that, as a result, at least three of their children sustained heavy colds, which confined them to bed for two weeks and that Mrs. Sibley contracted influenza from which she suffered for three or four weeks. It is further averred that, in addition to the illnesses suffered by them, they have sustained embarrassment, inconvenience and hardship. Accordingly, they pray for damages against Mangham and the Realty Company in favor of Mr. Sibley for $500 individually and $3000 for the benefit of the

six minor children and in favor of Mrs. Sibley for $500.

In due course, the defendants answered denying liability and Petty Realty Co., Inc., alleging that it carried liability insurance for the damages claimed by plaintiffs, called its insurer, Continental Casualty Company, in warranty. The latter answered the call and denied any liability for plaintiffs' damages under the policy issued by it.

The case was tried before a jury and resulted in a verdict for Mrs. Sibley for $500 and in favor of Mr. Sibley, for the benefit of five of his six children, in the sum of $150 each. The individual demand of Mr. Sibley and that on behalf of his child, Kenneth, was rejected and defendants' call in warranty against the Continental Casualty Company was dismissed. After the overruling of a motion for a new trial, judgment was rendered in conformity with the verdict of the jury and defendants have appealed to this Court from the adverse decision.

At inception, we question our appellate jurisdiction of this case. Section 10 of Article VII of the Constitution, which defines the jurisdiction of this Court, declares, in part:

"It shall have appellate jurisdiction in civil suits where the amount in dispute * * * shall exceed two thousand dollars exclusive of interest, *except in suits*

*for damages for physical injuries to,* or for the death of a person, *or for other damages sustained by such person* or his heirs or legal representatives, *arising out of the same circumstances; * * *."* (Italics ours.)

Inasmuch as a portion of plaintiffs' claim is for damages for physical injuries, i. e., the illness of Mrs. Sibley and her children allegedly resulting from defendants' act, it seems manifest that the Court of Appeal, Second Circuit, is vested with appellate jurisdiction under Section 29 of Article VII of the Constitution.[1]

In Spearman v. Toye Bros. Auto & Taxicab Co., 164 La. 677, 114 So. 591, 592, the plaintiff charged that, while she was riding in a sightseeing car operated by the defendant, the chauffeur humiliated and mortified her by grasping and squeezing her left thigh and she claimed $15,000 damages for the mental anguish, pain and suffering she endured "as the result of the insult and outrage." She was awarded judgment for $2500 and the defendant appealed to the Court of Appeal for the Parish of Orleans which transferred, on its own motion, the case here for want of jurisdiction. The appellant insisted in this Court that appellate jurisdiction was in the Court of Appeal and that the case should be retransferred. However, the Court upheld its jurisdiction on the ground that there was no claim for damages for physi-

---

[1] The section provides that the Courts of Appeal shall have appellate jurisdiction of all cases "of which the Supreme Court is not given jurisdiction, * * *."

cal injury. In speaking of the exception contained in Section 10 of Article VII of the Constitution relative to suits for damages involving physical injuries, the opinion observed:

"This case, however, is not within the exception, for it is not a suit for damages for physical injuries or for damages caused by or resulting from an act which caused also a physical injury. As far as the allegations and the proof go, there was no more of a physical injury to the plaintiff than there would have been if she had been insulted verbally by the chauffeur. The purpose of excepting from the jurisdiction of this Court suits 'for other damages * * * arising out of the same circumstances' as those causing physical injuries was to confer upon one and the same appellate court jurisdiction over a suit for the damages of every character resulting from a wrongful act or negligence causing physical injury to a person. As the wrong complained of in this case, if it occurred, did not cause physical injury to the plaintiff, and as the amount in dispute exceeds $2000, exclusive of interest, the appeal is within the jurisdiction of this court, and not of the Court of Appeal."

The foregoing reasoning, when fitted to this case, demonstrates our lack of jurisdiction—for here, there is a claim for dam-

ages for physical injury which places the matter squarely within the exception contained in Section 10 of Article VII of the Constitution quoted above.[2]

It is therefore ordered that this case be transferred to the Court of Appeal, Second Circuit, the transfer to be made within 30 days after this decree has become final, otherwise, the appeal is to be dismissed. Defendants are to pay the costs of appeal to this Court and those incident to effecting the transfer.

O'NIELL, C. J., does not take part.

**41 So.2d 232**

**STATE v. RICKS et al.**

**No. 39365.**

May 31, 1949.

---

[2] For a comprehensive discussion of this question see Jumonville v. Frey's, Inc., La.App., 171 So. 590, writ of certiorari refused February 1, 1937, where the Court of Appeal for the Parish of Orleans distinguished our decision in Spearman v. Toye Bros. Auto & Taxicab Co., supra, on the same predicate which controls the decision in the instant case.