HAMITER, Justice.
Plaintiffs, Earnest O. Beauvais, Doris N. Beauvais, Royal V. Young and Margaret C. Young, brought this suit to recover damages allegedly resulting from certain nuisances created and maintained by defendants in close proximity to their residences located in Bossier City. According to the petition each was damaged to the extent of $1500 through “inconvenience, discomfort, humiliation, worry, mental anguish, pain and suffering, and injury to health.” Additionally, Earnest O. Beauvais and Royal V. Young claimed damages of $5000 to the residential property of each because of depreciation in its market value.
The district court, after trial, rejected the demands for property damage. But it rendered judgment in favor of each plaintiff in the sum of $750 for (to quote from the judge’s assigned written reasons) “the damages claimed for inconvenience, discomfort, etc., as alleged in the petition % * *»
Defendants appealed. Plaintiffs have answered the appeal praying that the judgment be amended by increasing the personal injury awards to $1500 for each, as originally sought, and also by allowing the property damage claims.
Since all of the damages asserted herein arose out of the same circumstances and a part thereof is for physical injuries to the several plaintiffs, we are unable to entertain jurisdiction of the appeal. Section 10 of Article 7 of the Louisiana Constitution provides that the Supreme Court “ * * * shall have appellate jurisdiction in civil suits where the amount in dispute *395 * * * shall exceed two thousand dollars exclusive of interest, except in suits for damages for physical injuries to, or for the death of a person, or for other damages sustained by such person or his heirs or legal representatives, arising out of the same circumstances; * *
In the recent case of Sibley et al. v. Petty Realty Company, Inc., et al., 215 La. 597, 41 So.2d 230, 231, which presented a damage claim for physical and other injuries we considered the quoted constitutional provision and observed: “Inasmuch as a portion of plaintiffs’ claim is for damages for physical injuries, i. e., the illness of Mrs. Sibley and her children allegedly resulting from defendants’ act, it seems manifest that the Court of Appeal, Second Circuit, is vested with appellate jurisdiction under Section 29 of Article VII of the Constitution.”
For the same reason we are declining today jurisdiction of the appeal in the case of Kirkwood v. McFarland, 217 La. 386, 46 So.2d 307.
For the reasons assigned it is ordered that this case be transferred to the Court of Appeal, Second Circuit, pursuant to the provisions of Act No. 19 of 1912, the record to he filed in such court by appellants within thirty days from the date on which this decree shall become final; otherwise, the appeal shall stand dismissed.
PONDER, J., absent.