**56 So.2d 147**

**CAVALIER v. ORIGINAL CLUB FOREST, Inc., et al.**

**No. 40148.**

Dec. 10, 1951.

John E. Fleury, Gretna, for defendants-appellants.

Alcide J. Weysham, New Orleans, for plaintiff-appellee.

McCALEB, Justice.

Plaintiff brought this suit to recover $25,025 damages for personal injuries he allegedly sustained as a result of an assault and battery and certain slanderous remarks directed against him by the defendants, on October 9th 1949, at the premises of Original Club Forest, Inc., in Jefferson Parish. Following a trial on the merits, there was judgment in his favor for $500 against two of the three defendants for the asserted slander but his suit was dismissed in all other respects. The defendants affected by the adverse decision have appealed to this Court and plaintiff, in an answer to the appeal, prays that the judgment be increased to $7500.

█ Imprimis, it appears that the case is not within our appellate jurisdiction. Section 10 of Article 7 of the Constitution, in granting to this Court appellate jurisdiction of all civil suits where the amount in dispute exceeds $2000 exclusive of interest, excepts therefrom suits for damages for physical injuries to a person "or for other damages sustained by such person * * * arising out of the same circumstances * * *". Hence, forasmuch as the damages claimed by plaintiff for his physical and other personal injuries emanated from the same source, to wit—his encounter with defendants on October 9th 1949—the appeal lies to the Court of Appeal under Section 29 of Article 7 of the Constitution. See Spearman v. Toye Bros. Auto & Taxicab Co., 164 La. 677, 114 So. 591, 592; Sibley v. Petty Realty Co., 215 La. 597, 41 So.2d 230; Kirkwood v. McFarland, 217 La. 386, 46 So.2d 307 and Beauvais v. D. C. Hall Transport, 217 La. 388, 46 So.2d 307.

In an effort to sustain jurisdiction in this Court, counsel for appellants maintains that plaintiff's claim for damages is based on two separate and distinct acts, i.e., assault and battery and a slander and that, since the judgment on the assault and battery branch of the suit was in appellants' favor and no appeal has been taken by plaintiff, [1] the only matter which is now not moot is the judgment for damages for slander, from which the appeal has been prosecuted. The cases of Newsom v. Starns, 174 La. 955, 142 So. 138 and Applewhite v. New Orleans Great Northern R. Co., La.App., 148 So. 261, are cited as authority for the contention.

█ While it is true that the assault and battery and slander constitute separate and distinct torts upon which plaintiff's action is founded, they arose out of the same circumstances and, consequently, as point-

1. Counsel believes that the assault and battery branch of the case is now final because plaintiff did not separately appeal from the judgment. He is mistaken; the answer to the appeal preserved plaintiff's right to have the correctness of the trial court's dismissal of that phase reviewed; it was not necessary for him to take a separate appeal insofar as appellants are concerned.

ed out above, became cognizable in the Court of Appeal in view of the provisions of Sections 10 and 29 of Article 7 of the Constitution. And counsel is also in error in his contention that plaintiff's failure to take a separate appeal from the judgment dismissing his claim for damages for the assault and battery affected the question of appellate jurisdiction. Jurisdiction on appeal is tested by the amount and claim in dispute at the time the case is submitted to the lower court for decision, Hanover Fire Ins. Co. v. Southern Amusement Co., Inc., 176 La. 631, 146 So. 316 and the many cases there cited and H. A. Bauman, Inc., v. Tilly, 188 La. 531, 177 So. 657, and not by the nature or amount of appellant's demand.

On the other hand, the case of Newsom v. Starns, fully sustains counsel's position that this Court has appellate jurisdiction of this case. There, the suit was for $20,000 for personal injuries sustained by plaintiff as a consequence of being tarred and feathered by defendants and an additional $20,-000 for their defamation of his character. From an adverse judgment in the trial court, he appealed to the Court of Appeal, First Circuit, and that court, correctly we believe, sustained its jurisdiction of the entire case on the ground that the damages claimed for defamation arose out of the tarring and feathering of plaintiff, a physical injury. See La.App., 136 So. 743. However, the ruling was reversed on writ of review, this Court holding that it had

appellate jurisdiction of the demand for damages for defamation of character as that demand constituted a separate and distinct cause of action from the claim for damages for the tarring and feathering. In concluding thus, the Court apparently failed to give consideration to the provision of Section 10 of Article 7 of the Constitution denying this Court appellate jurisdiction of demands for damages for personal injuries, when they are claimed in a suit for physical injuries "arising out of the same circumstances". In view of the contrary jurisprudence (which we believe to be correct) prior to, Spearman v. Toye Bros. Auto & Taxicab Co. supra, and since, Sibley, Kirkwood and Beauvais cases, the decision in Newsom v. Starns, we are compelled to overrule the case.

In the other decision, Applewhite v. New Orleans Great Northern R. Co., relied on by counsel for appellants, the Court of Appeal, First Circuit, was constrained to deny its jurisdiction on the authority of the Starns case. As that case is no longer authority, the Applewhite decision perforce falls with it.

It is ordered that this case be transferred to the Court of Appeal for the Parish of Orleans, the transfer to be made within thirty days from the finality of this decree; otherwise, the appeal is to be dismissed. Appellants are to pay the costs of appeal to this court and those incident to effecting the transfer.