59 So.2d 489 (1952)
CAVALIER
v.
ORIGINAL CLUB FOREST, Inc. et al.
No. 19910.
Court of Appeal of Louisiana, Orleans.
June 9, 1952.
*490 Alcide J. Weysham, New Orleans, for plaintiff and appellee.
John E. Fleury, Gretna, for defendants and appellants.
Before JANVIER and REGAN, JJ., and MORRIS B. REDMANN, Judge ad hoc.
MORRIS B. REDMANN, Judge ad hoc.
This suit is for damages for personal injuries resulting from an alleged assault and battery, and for slanderous statements published on the same occasion. The trial court dismissed the suit insofar as it was based on physical violence, and rendered judgment in favor of the plaintiff against two of the defendants on the slander claim in the sum of $500. As to one of the defendants, Felix Cuneo, the suit was dismissed, and, no appeal having been taken by plaintiff, as to him the judgment became final.
The defendants, Original Club Forest, Inc. (hereinafter referred to as the "Club"), and Alfred B. Schorling, timely appealed to the Supreme Court, which, however, ordered the appeal transferred to this court. See 220 La. 183, 56 So.2d 147, 148. The plaintiff answered the appeal.
In connection with the transfer of the appeal, the Supreme Court stated:
"Counsel believes that the assault and battery branch of the case is now final because plaintiff did not separately appeal from the judgment. He is mistaken; the answer to the appeal preserved plaintiff's right to have the correctness of the trial court's dismissal of that phase reviewed; it was not necessary for him to take a separate appeal insofar as appellants are concerned."
Accordingly, the physical violence phase, as well as the slander issue, is before this court.
The plaintiff had been employed by the defendant Club for several years as an operator or manager of games of chance located in its establishment. The defendant Alfred B. Schorling was the Club's general manager or supervisor of the night play.
On the afternoon of October 6, 1949, the plaintiff was discharged from the Club's employ by one Terry, who was the Club's general manager during the day. On the night of October 8, 1949, near midnight, plaintiff and his wife went to the Club premises to ascertain from Schorling the reason for his having been discharged. After entering the main public room of the Club, the plaintiff's wife remained talking to a Mr. Perez while plaintiff approached Schorling and one Gallo, some distance away; the latter having some financial interest in and being credit manager of the Club. The plaintiff inquired *491 of Schorling why he had been fired. Both the plaintiff and Schorling testified that the latter stated that he, the plaintiff, was fired for stealing; that was what Terry had told Schorling. The testimony is conflicting as to whether the plaintiff or Schorling became excited. In any event, Cuneo, an employee ("floor man") of the Club, rushed over to where they were standing, and Schorling requested or motioned plaintiff to come into the office. The plaintiff refused, whereupon Cuneo seized the plaintiff by both arms and propelled him across the floor into a passageway and into the office, being accompanied by Schorling. The plaintiff's wife ran after them and followed them into the passageway and into the office. She testified that she saw Schorling hit her husband on the back of his neck two or three times, that she remonstrated with him, and demanded to know why her husband had been fired; that Schorling told her it was for stealing. Cuneo was there at the time and testified that Schorling told the plaintiff's wife that plaintiff had been fired for stealing. An attempt to justify Schorling's accusation is made on the ground that he, Schorling, did not say that he, Schorling, accused the plaintiff of stealing, but stated that Terry had told him that he, Terry, had fired the plaintiff for stealing. If true, this does not exculpate Schorling or his employer. "Talebearers are as bad as talemakers." Harris v. Minvielle, 48 La.Ann. 908, 915, 19 So. 925.
We are satisfied from the evidence as was the trial court that the accusation of stealing was made in the private office in the presence and hearing of the wife, also in that of Cuneo. Furthermore, a similar statement was made by Schorling in the presence of Gallo, who, however, testified that he had not heard what was said.
An attempt to prove the truth of the accusation failed. The testimony of the day manager, Terry, was purely hearsay: the cashier told him that the plaintiff had cashed $15 of chips; the employee to whom the $15 was to be taken by plaintiff told him that plaintiff gave him only $9. While the cashier testified to the cashing of the chips on this particular occasion, the employee who received the proceeds of the chips did not testify. There is, accordingly, no proof of this alleged defalcation.
The accusation was slanderous; it was published; and it was not proven to be true.
In view of the entire circumstances, we cannot say that the award of the district court was excessive or inadequate as damages for the slander.
The testimony leaves no doubt that Cuneo, if not at the request of Schorling, with his approval, seized the plaintiff by the arms and forced him from the main public room into the passageway and into the private office. This in itself constituted an unjustifiable act of violence against the person of the plaintiff. The plaintiff and his wife stated that Cuneo struck the plaintiff two or three times on the back of his neck. This occurred just past midnight of Saturday, October 8/9, 1949, and plaintiff was examined by a reputable physician at about 2:30 on Sunday afternoon, October 9, 1949. This doctor testified that the plaintiff had a contusion of the muscles in the back of the neck, probably a mild concussion of the brain, and discoloration (ecchymosis) of the arm midway between the elbow and shoulder.
We are convinced from the record that these injuries resulted from physical violence exercised against the person of the plaintiff by Cuneo and Schorling. We conclude that fair compensation on this phase of the case would be $750.
Accordingly, the judgment of the district court is amended by increasing the award to the plaintiff against the Original Club Forest, Inc., and Alfred B. Schorling, defendants, to the sum of $1,250, and as so amended is affirmed.
Amended and affirmed.
McBRIDE, J., takes no part.