PER CURIAM.
This matter is now before us on motion by the appellees to dismiss the appeal or to transfer it to the Supreme Court because of our lack of jurisdiction ratione materiae.
The suit was brought by Martin W. Schrader against Coleman E. Adler & Sons, Inc., and various employees of that corporation for damages in the sum of $48,755 for false imprisonment and malicious prosecution. It is alleged that, as a result of the actions of the defendants, plaintiff was arrested and “kept in a police precinct station and in the Parish Prison for nineteen days.” The damages claimed are itemized as follows:
For false arrest of plaintiff.... $ 2,000.00'
For malicious prosecution of plaintiff . 2,000.00
For embarrassment caused by false arrest of plaintiff. 1,000.00
For embarrassment caused by malicious prosecution of
plaintiff .:. 2,000.00
For damage to reputation of plaintiff caused by false arrest . of plaintiff . 5,000.00
For damage to reputation of plaintiff caused by malicious prosecution of plaintiff. 10,000.00
For loss of earnings for 19 days while imprisoned . 475.00
For loss of earnings pending trial . 2,050.00
For loss of earnings during trial 25.00
For loss of earnings from 5/21/ 47 through 5/20/48. 7,800.00
For loss of future earnings.... 15,000.00
For costs of counsel for defense of criminal action. 500.00
For loss of property of plaintiff 305.00
In Eumont v. Railway Express Agency, Inc., La.App., 28 So.2d 526, we considered a motion to dismiss an appeal in a situation which was identical with that now before us, and we hold that the appeal should be transferred to the Supreme Court.
The question, which is presented, has been many times discussed. See Hepting v. Durand, 12 La.App. 539, 126 So. 571; Trascher v. Johnson, La.App., 163 So. 431; Jumonville v. Frey’s, Inc., La.App., 171 So. 590; Moore v. O’Hara, La.App., 8 So.2d 130; Eumont v. Railway Express Agency, Inc., supra; Trahan v. Breaux, 212 La. 459, 32 So.2d 845; Gladney v. De Bretton, 218 La. 296, 49 So.2d 18; 10 T.L.R. 307, Courts — Appellate Jurisdictional Amount— Louisiana Constitution of 1921, Article 7, §§ 10 and 29.
For the reasons given in Eumont v. Railway Express Agency, Inc., supra, it is ordered, adjudged and decreed that this appeal be and it is transferred to the Supreme Court of Louisiana to be disposed of ac *137 cording to law; the transfer to be made within sixty days after1 this judgment becomes final, and if not' so made, then the appeal to be dismissed. Appellants are to pay the cost of appeal in this court, other-costs to await final determination of the matter.
Appeal transferred to the Supreme Court.