LE BLANC, Justice.
Plaintiff brought this suit to recover $25,-000 damages for physical pain and suffering, embarrassment, humiliation and invasion of his right to privacy which, he alleges, were sustained by him due to an advertisement which defendant caused to be published in a daily newspaper.
Plaintiff is insured against public liability and property damage by the Lumbermen’s Mutual Casualty Company, defendant herein. In May, 1953, he received serious injuries in an automobile accident, and shortly thereafter, defendant, as his insurer, proceeded to investigate the matte.r. In order to obtain the views of any witnesses to the accident, the insurance company advertised in the New Orleans Times-Picayune as follows:
“Auto Accident
“May 12, 1953
“If you witnessed the automobile accident in which I was involved, on the Belle Chasse Highway, just below Gretna, on the afternoon of Monday, May 12, or if you know anyone who witnessed it, or if you have any information whatsoever, concerning the accident, I would appreciate it if you would either write me at the address given below or telephone me collect. I am especially anxious to contact the gentlemen who drove back to Gretna to summon the police and ambulance. .
“Fred G. Hamilton
“5110 Bienville Ave., New Orleans 24, La.
“Telephone, AUdttbon 6122”
Plaintiff averred that he never gave his permission to use his name in such a publication and that it was called to his attention for the first time while he was in a hospital, recovering from his injuries. More specifically, he alleged that the emotional anxiety created by the publication “seriously retarded his recovery from the serious physical and mental injuries he had sustained in the accident; that subsequently his feeling of anger and resentment caused by the false publication, was a deleterious factor in his recovery, and served as a drawback to his recovery; * * He itemized his damages as follows:
For physical pain, suffering and mental anguish $5000.00
For embarrassment and humiliation 2500.00
*647 For invasion of his right of privacy 5000.00
Following a trial before a jury there was a verdict in favor of plaintiff in the sum of $12,000.00. The verdict was approved by judgment of the District Court and defendant appealed to this Court.
Appellate jurisdiction in this matter does not lie in this Court. Section 10 of Article 7 of the Constitution provides:
“The Supreme Court shall have * * * appellate jurisdiction in civil suits where the amount in dispute * * * shall exceed Two Thousand Dollars * * * except in suits for damages for physical injuries to, or for the death of a person, or for other damages sustained by such person or his heirs or legal representatives, arising out of the same circumstances * * * ” (Emphasis ours.)
All the damages claimed, including those for physical pain and suffering, arose out of the same circumstances, and jurisdiction on appeal is controlled by the foregoing provision of the Constitution and as the damages claimed present an exception to those civil suits that are appealable to this Court where the amount in dispute exceeds $2000, appellate jurisdiction is vested in the proper Court of Appeal.
The question of appellate jurisdiction in cases of this character was recently reviewed in the case of Cavalier v. Original Club Forest, 220 La. 183, 56 So.2d 147, in which the'Court found it necessary to overrule the former case of Newson v. Starns, 174 La. 955, 142 So. 138, in which this Court had assumed appellate jurisdiction with regard to that part of the demand which related to an alleged libel and transferred the appeal to the Court of Appeal for it to pass on the claim for damages for the personal injuries alleged to have been sustained by the plaintiff.
The case of Spearman v. Toye Bros. Auto & Taxi Cab Co., 164 La. 677, 114 So. 591, 592, relied on by defendant in invoking the appellate jurisdiction of this Court, is clearly not apposite. The demand there was for “ ‘the humiliation, mental anguish, pain and suffering’ ” which the plaintiff claimed she had endured “ ‘as the result of the insult and outrage’ ” committed by a chauffeur employed by the defendant when he “grasped and squeezed her left thigh.” In disposing of the matter of appellate jurisdiction the Court distinctly stated that the suit was not one for damages for physical injuries or any damages caused by or resulting from an act which caused a physical injury and it maintained jurisdiction of the appeal. In several other recent cases the question was again considered and we would think that it is one that is now settled beyond dispute. See Sibley v. Petty Realty Co., 215 La. 597, 598, 41 So.2d 230; Kirk-wood v. McFarland, 217 La. 386, 46 So.2d 307 and Beauvais v. D. C. Hall Transport, 217 La. 388, 46 So.2d 307.
*649 For the reasons stated it is ordered that this case be transferred to the Court of Appeal, First Circuit of Louisiana, the transfer to be made within thirty days from the finality of this decree, otherwise, the appeal to stand dismissed. The appellant is to pay the cost of appeal to this Court as well as those incident to the transfer of the appeal.