89 So.2d 327

Moise F. MOULIERE et al.

v.

COLUMBIAN CARBON COMPANY.

No. 41892.

June 29, 1956.

Ryan J. Couvillon, Marksville, Oliver & Oliver, A. E. Montgomery, Jr., Monroe, for defendant-appellant.

Earl Edwards, Coco & Bennett, Marksville, for plaintiffs-appellees.

VIOSCA, Justice ad hoc.

Plaintiffs brought this suit to recover a monetary award for damages to their property, alleged to have resulted from es-

caping waste gases, smoke, carbon and chemical by-products from defendant's plant. Coupled with their claim is one for personal injury to the respiratory organs and health of two of the plaintiffs, Lessie Mouliere and Moise F. Mouliere.

Moise F. Mouliere, who testified with respect to the injury to his health, died while the trial of the case was in progress. His heirs, the other parties-plaintiff, were substituted for him by proper motion. Lessie Mouliere, therefore, appears as a party-plaintiff and as a substituted party-plaintiff.

By judgment of the trial court, plaintiffs were awarded the sum of $2,000. This judgment was filed in the Office of the Clerk of Court for the Parish of Avoyelles on April 6, 1954, and is marked:

"Thus done, read and signed in open court at Marksville, Louisiana on this 6th. day of April, 1954."

A suspensive and devolutive appeal was taken and perfected by defendant on April 15, 1954.

The Twelfth Judicial District Court for the Parish of Avoyelles convened on April 24, 1954, and Judge Lester L. Bordelon then read, in open Court, the judgment previously filed with the Clerk of Court. Defendant objected to this action on the ground that a suspensive and devolutive appeal had been perfected. Judge Bordelon thereafter retired from office because of illness.

Under authority of Article 609 of the Code of Practice, defendant filed a motion in this Court to remand and resubmit the case to the trial court for trial de novo. It contends that the original judgment is a nullity, and that a new trial should be granted, since Judge Bordelon has been replaced, in order that the presiding Judge may have the opportunity to see and hear the witnesses.

Appellees filed a similar motion in this Court, asking that the case be remanded for trial on the record as transcribed. They contend that a new trial is unnecessary.

Under Article VII, Section 10, Louisiana Constitution of 1921, LSA–Const.,[1] this Court is without appellate jurisdiction of this cause, and, therefore, we cannot pass on the motions presented. It is alleged that the property of all of the plaintiffs was damaged and that two of the plaintiffs suffered physical injuries. In a suit for damages for physical injuries to one or more of the plaintiffs and for other damages sustained by all plaintiffs arising out of the same circumstances, this Court is without jurisdiction and will transfer

1. "It shall have appellate jurisdiction in civil suits * * * except in suits for damages for physical injuries to, or for the death of a person, or for other damages sustained by such person or his heirs or legal representatives, arising out of the same circumstances; * * *."

the appeal to the Court of Appeal having jurisdiction thereof. Kirkwood v. McFarland, 217 La. 386, 48 So.2d 307; Beauvais v. D. C. Hall Transport, Inc., 217 La. 388, 46 So.2d 307; Sibley v. Petty Realty Co., Inc., 215 La. 597, 41 So.2d 230; Jumonville v. Frey's, Inc., La.App., 171 So. 590.

For the reasons assigned, and by virtue of the authority vested in this Court by LSA–R.S. 13:4441 and 13:4442, this case is ordered transferred to the Court of Appeal for the Second Circuit. The transfer is to be made within thirty days after this decree becomes final; otherwise, the appeal is to be dismissed. The appellants are to pay the cost of the appeal in this Court, and all other costs are to await further disposition of this cause.