91 So.2d 583

**William P. COX**

**v.**

**Paul CASHIO, M.D.**

No. 42751.

Dec. 10, 1956.

Philip E. Pfeffer, Covington, for defendant and appellant.

Sidney W. Provensal, Slidell, for appellee.

PONDER, Justice.

In this suit the plaintiff seeks to recover damages from the defendant for an alleged malicious prosecution. The defendant answered asking for the dismissal of plaintiff's demand and reconvened for the recovery of damages resulting to him by de-

famatory statements alleged to have been made by the plaintiff. On trial the judge of the lower court dismissed both the main demand and the reconventional demand. The plaintiff appealed and the defendant has answered the appeal urging his demand in reconvention.

■ Upon examination of the petition of the plaintiff, we find that one item of the alleged damages is for recovery for damages to plaintiff's nervous system and its effect upon his future health. Under the provisions of Section 10 of Article 7 of the Constitution of this state—LSA, suits for damages for physical injuries arising out of the same circumstances are appealable to the court of appeal. Inasmuch as a portion of the damages claimed by plaintiff is for physical injuries, it is manifest that this Court is not vested with appellate jurisdiction in this case. Spearman v. Toye Bros. Auto & Taxicab Co., 164 La. 677, 114 So. 591; Sibley v. Petty Realty Co., 215 La. 597, 41 So.2d 230; Kirkwood v. McFarland, 217 La. 386, 46 So.2d 307; Beauvais v. D. C. Hall Transport, 217 La. 388, 46 So.2d 307; Cavalier v. Original Club Forest, 220 La. 183, 56 So.2d 147; Hamilton v. Lumbermen's Mutual Casualty Co., 226 La. 644, 76 So.2d 916. Insofar as the reconventional demand of the defendant is concerned, it is well settled that the jurisdiction of the appellate courts of this state are governed by the main demand and that reconventional demands and incidental demands merely follow the main demand. D'Asaro v. Cotonio, 223 La. 624, 66 So.2d 572.

It is ordered that this case be transferred to the Court of Appeal, First Circuit, the transfer to be made within thirty days from the finality of this decree; otherwise, the appeal is to be dismissed. Appellant is to pay the costs of appeal to this Court and those incident to effecting the transfer.

HAWTHORNE, J., absent.