111 So.2d 105

Sid THOMAS

v.

**FIDELITY AND CASUALTY COMPANY
OF NEW YORK et al.**

Sid THOMAS

v.

**SOUTHERN FARM BUREAU CASUALTY
INSURANCE COMPANY et al.**

No. 44467.

April 27, 1959.

DeBlieux & Covert, Baton Rouge, for applicant.

Earl Edwards, Laborde, Edwards & Lafargue, Marksville, Maurice J. Wilson, Breazeale, Sachse, Wilson & Hebert, Baton Rouge, Kearney & Kearney, New Roads, Taylor, Porter, Brooks, Fuller & Phillips, Baton Rouge, for respondents.

HAWTHORNE, Justice.

Pursuant to the provisions of Section 25 of Article 7 of the Louisiana Constitution of 1921 and R.S. 13:4449, the Court of Appeal, First Circuit, has applied to this court for instructions on a question of law.

The two above styled cases were consolidated for trial in the lower court. Plaintiff sought in both suits to recover damages alleged to have been sustained because of the desecration and disturbance of a graveyard in which his parents and other relatives were buried. From adverse judgments of the lower court plaintiff appealed to the Court of Appeal, First Circuit.

Plaintiff alleges among other things that the desecration of the graves of his loved ones and the desecration and defacement of the entire cemetery have resulted in great nervous shock to him. In each of these suits he seeks to recover an amount in excess of $2,000 as damages, which according to his petition he itemizes as follows:

"1. Mental anguish and pain, nervous shock and humiliation ---$10,000.00
"2. Destruction of identity of remains of petitioner's loved ones ----------------------------------------------------$10,000.00
"3. Profanation of entire cemetery -------------------------$ 1,000.00
"4. Loss of right to be interred next to his kin ----------------$ 1,000.00
"5. Petitioner's contribution for restoration of Pike's Peak Cemetery -----------------------------------------------$ 1,000.00
"6. Profanation of petitioner's religious sensibilities ----------$ 1,000.00
"7. *Loss of right of ingress and egress ---------------------$ 1,000.00

"$25,000.00"

* This item is not included in the suit against the Fidelity and Casualty Company of New York, the total amount of damages sought in that suit being $24,000.

It is obvious that the only item of damage which might vest jurisdiction in the Court of Appeal is "nervous shock".

The question of law on which the Court of Appeal seeks the instructions of this court is:

"Does an allegation in the petition seeking damages resulting from grave desecration for the 'mental anguish and pain, nervous shock and humiliation' thereby sustained by plaintiff constitute a claim for damages sustained by act causing physical injury within the meaning of the jurisprudence so as to vest appellate jurisdiction in this court [the Court of Appeal], when the sole type of evidence offered to prove such damages is lay testimony concerning mental pain and shock?"

■ Section 10 of Article 7 of our Constitution, which defines the jurisdiction of this court, provides in part that the Supreme Court "shall have appellate jurisdiction in civil suits where the amount in dispute * * * shall exceed two thousand dollars exclusive of interest *except in suits for damages for physical injuries to, or for the death of a person, or for other damages sustained by such person or his heirs or legal representatives, arising out of the same circumstances*". (Italics ours.) Section 29 of Article 7 of the Constitution provides that the Courts of Appeal shall have appellate jurisdiction in all cases "of which the Supreme Court is not given jurisdiction".

It is now well settled that if any portion of the damages claimed by a petitioner is for physical injuries, where all the damages claimed arise out of the same circumstances, the Court of Appeal and not this court has appellate jurisdiction. Cavalier v. Original Club Forest, 220 La. 193, 56 So.2d 147. See also Cox v. Cashio, 231 La. 407, 91 So.2d 583.

■ One of the items of damages for which plaintiff here seeks recovery is nervous shock, or damages as a result of shock to his nervous system. The nervous system constitutes a part of the physical make-up of a human being, just as the heart, the arms, and the legs constitute parts of it. It follows that if a party plaintiff alleges that his nervous system has been damaged or that he seeks recovery for damages to his nervous system, he is seeking damages for a physical injury.

In Cox v. Cashio, supra, plaintiff sought to recover damages for an alleged malicious prosecution. One of the items for which he sought recovery was alleged to be "damages to plaintiff's nervous system and its effect upon his future health". This court held that this allegation constituted a claim by plaintiff for damages for physical injury, and that accordingly this court was not vested with appellate jurisdiction. The Cox

case is one of the recent decisions of this court, and we think it is controlling here.

Evidently the Court of Appeal's doubt as to whether appellate jurisdiction of this case vested in it or in the Supreme Court arose because of certain expressions found in several decisions of this court. In this connection it called to our attention the following decisions: Humphreys v. Bennett Oil Corp., 195 La. 531, 197 So. 222; Spearman v. Toye Bros., 164 La. 677, 114 So. 591; Hamilton v. Lumbermen's Mutual Cas. Co., 226 La. 644, 76 So.2d 916; and Cox v. Cashio, supra.

In the Humphreys case plaintiffs sought to recover damages alleged to have been suffered from nervous and physical shock, mental anguish, pain, worry, and humiliation resulting from the desecration and disturbance by defendants of the graves and tombs of their near relatives, etc. Although that case was appealed to this court and a decision rendered, the question of appellate jurisdiction was not raised or discussed.

In the Spearman case plaintiff sought to recover damages for humiliation, mortification, mental pain, and anguish, and this court concluded that it had jurisdiction since the damages sought were not for physical injury.

In the Hamilton case plaintiff sought damages for *physical pain, suffering,* and mental anguish, embarrassment, humilia-tion, and invasion of his right to privacy allegedly sustained because of an advertisement which defendant had caused to be published in a daily newspaper. This court found that it was without appellate jurisdiction and transferred the case to the Court of Appeal, on the basis of plaintiff's allegation of physical pain and suffering. Although plaintiff also sought to recover damages for embarrassment, humiliation, mental anguish, and invasion of his right to privacy, this court stated that all the damages claimed, including those for physical pain and suffering, arose out of the same circumstances, and that accordingly under the provisions of Section 10 of Article 7 of the Constitution appellate jurisdiction was vested in the proper Court of Appeal. The Hamilton case is therefore not pertinent here.

In Jumonville v. Frey's, Inc., 171 So. 590, 591, decided by the Court of Appeal for the Parish of Orleans, plaintiff sought to recover damages in excess of $2,000 caused by verbal assault. Plaintiff-appellee filed a motion to dismiss the appeal because of alleged want of jurisdiction ratione materiae in the Court of Appeal. In overruling this motion and in holding that the appeal was properly lodged in the Court of Appeal, that court observed that " * * * mover overlooks the fact that, although the greater portion of plaintiff's claim is made for humiliation, mental anguish, 'verbal assault'

and similar items not involving actual physical injury, there is included a demand for $3,000 for the damage sustained by plaintiff by 'the aggravation of her illness' and $1,-000 'for the shock to her nervous system' ". Further in the course of the opinion the Court of Appeal said:

"In the case before us, plaintiff's petition, as we have shown, contains a claim for physical injuries resulting from the aggravation of a previously existing disease and from shock to her nervous system * * *."

Thus it will be seen that the Court of Appeal for the Parish of Orleans considers "shock to the nervous system" as a physical injury. We might observe that application for a writ in the Jumonville case was made to this court to review the holding of the Court of Appeal dismissing appellee's motion to dismiss the appeal for want of jurisdiction. The application was denied, this court stating: "Writ refused. Judgment correct."

■ We might further state that the fact that plaintiff here is not able to prove a physical injury, or that the record is barren of any material evidence establishing physical injury, is immaterial in considering the question of jurisdiction.

For the reasons assigned we have concluded that the Court of Appeal has jurisdiction of the instant appeal.